# Parker v. The State. *

### Indictment for Murder.

1. *Special jury law for Montgomery county; householder and freeholder a requisite qualification.*—The act "To more effectually secure competent and well qualfied jurors in the county of Montgomery," approved February 21, 1887 (Acts 1886-87, p. 190), which, in section 3, provides that the jury list shall be selected from the "male residents of the county over 21 and under 60 years of age," and which, in section 18, expressly repeals section 4732 of the Code of 1876 (Code of 1886, § 4299) requiring the jury list to be selected from the resident householders and freeholders of the county, does not repeal in and for the county of Montgomery the first ground of challenge enumerated in section 4331 of the Code of 1886, declaring it a ground for challenge that the person summoned has not been "a resident householder or freeholder of the county for the last preceeding year." (*Ezell v. State, ante* p. 101, overruled. McCLELLAN and HARALSON, JJ., dissenting )

2. *Summons of jurors; their exemption and qualification determinable by the court.*—The fact that the sheriff in summoning jurors supposes or knows that the person whose name appears on the *venire* is exempt and disqualified as a juror, does not excuse his failure to summon him; the question of exemption and qualification being determinable by the court.

APPEAL from the City Court of Montgomery.
Tried before the Hon Thos. M. ARRINGTON.

The appellant was indicted and tried for murder, was convicted of manslaughter in the first degree, and sentenced to imprisonment in the penitentiary for ten years.

The only questions which are considered on this appeal arise upon exceptions reserved to the rulings of the court in the drawing of the special *venire* for the trial of the defendant. The name of W. C. Parks was on the list of jurors furnished the defendant, and when drawn

---

* This case was decided May 24 1894, and is reported out of its regular order on account of its overruling one of the propositions annourced in *Ezell v The State, ante* p. 101.

[Parker v. The State.]

in the organization of the jury said Parks failed to an-
swer.   The defendant moved to quash the *venire*, and for
a *venire de novo;* and in support of this motion introduced
W. R. Waller, the sheriff of Montgomery county, who
testified, "that said Parks lived in the city and county
of Montgomery, and that he, Waller, did not summon
him because said Parks was too old and infirm to set on
a jury; being, in his opinion, 80 years old."   The State
introduced the return of the sheriff, showing that as to
said Parks the list was returned "not found."   There
was evidence also introduced by the State that Waller,
the sheriff, did not serve any of the jury summons, but
that they were served by B. C. Young, the deputy sheriff.
The said Young testified, "that he did not find W. C.
Parks and so returned to the clerk; that he knew 'old
man Parks,' and knew where he lived, but he did not
know that old man Parks was named W. C. Parks, and
had no idea the summons was for him, as he knew he
was too old to serve on a jury."   The court then over-
ruled the motion to quash the *venire*, and for the *venire
de novo*, and ordered the name of W. C. Parks to be set
aside, and the defendant duly excepted to this ruling of
the court.

When the name of W. F. Wilson was drawn, he stated
on examination by the defendant, "that he was neither
a householder nor freeholder of the county of Montgome-
ry, and had not been such for the last preceding year."
The State having accepted said juror the defendant
moved the court to permit said juror to be challenged for
cause, on the ground that he was neither a householder
nor freeholder of said county.   The court refused to grant
said motion, put said juror on the defendant, and to this
ruling the defendant duly excepted.   These two rulings
are the only ones reviewed by this court on the present
appeal.

JOHN G. WINTER, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

COLEMAN, J.—The same question comes before us
in this case, as that considered and adjudicated in the
case of *Ezell v. The State, ante* p. 101.   In that case it was
held by a majority of the court, that section 3 of the

special act for Montgomery county, (Acts 1886-87, p. 190), repealed sub-division 1 of section 4331 of the Criminal Code, which declared it to be a good ground of challenge by either party "That the person has not been a resident householder or freeholder of the county for the last preceding year." We are of opinion that the decision in that case was erroneous. We adopt the conclusion reached in the dissenting opinion filed in the Ezell case, and hold that the court erred in refusing to allow the juror to be challenged.

The decision in the case of *Ezell v. The State* is overruled, and the dissenting opinion filed in that case, adopted as the opinion of the court in this case, upon the question under consideration.

It was the duty of the sheriff to summon the juror Parks. The statute is mandatory. The court alone can pass upon the qualification of a juror, after his name has been drawn from the jury box.

Reversed and remanded.

McCLELLAN and HARALSON, JJ., dissenting.