(Gaines v. The State.)

# Gaines *v.* The State.

## *Murder.*

(Decided May 17th, 1906, 41 So. Rep. 865.)

1. *Indictment and Information; Commisison of Offense; Means.*—An indictment should aver, either that the means by which an offense was committed was unknown to the grand jury, or aver the means by which such offense was committed, where the means is the essence of the offense. (Construing Secs. 4906 and 4911, Code 1896.)

2. *Same; Demurrers.*—Although the means by which a murder was committed was a matter of substance, in order to take advantage of its omission from the indictment, in this court, a demurrer should have been interposed thereto in the trial court.

3. *Same; Defect in Form.*—Section 4895, Code 1896, has no application to an objection to the sufficiency of an indictment for failing to allege the means by which an offense was committed, when the omission is of a matter of substance.

4. *Homicide; Murder; Elements of Offense; Means.*—The means by which a murder is committed is not a constituent element of the offense.

5. *Same; Appeal; Prejudice; Defective Indictment.*—Where the proof as to the means by which the murder was committed was without dispute, and no evidence of prejudice to the defendant is shown, growing out of a failure of the indictment to allege the means by which the murder was committed, this court, under Sec. 4333, Code 1896, will not reverse the cause for such failure in the indictment.

6. *Criminal Law; Appeal; Extent of Review.*—Under Sec. 4313, Code, 1896, this court is bound to review on appeal, in a criminal case, all defects apparent of record, although no such objection was raised in the court below.

7. *Same; Continuance; Absent Witnesses.*—Where it is not shown that an absent witness is within the jurisdiction of the court, it is not error to refuse a continuance and the issuance of an attachment for such witness.

8. *Same; Admissions to Prevent Continuance.*—Where defendant stated what he expected to prove by an absent witness, which was merely cumulative testimony, and the solicitor agreed to

(Gaines v. The State.)

admit such a showing if put in legal written form, it was not error to refuse a continuance on account of the absence of such witness.

9. *Same; Appeal; Record.*—The record shows that the court excused a juror for good and sufficient reason, but what that was is not shown. Held, not reviewable on appeal.

10. *Same; Verdict; Correction.*—Where there had been no separation of the jury, it was not error to send them to their room to put the verdict in proper form.

11. *Grand Jury; Records; Inspection.*—The defendant is not entitled to an inspection of the records, minutes and actions of the grand jury that investigated his case because of immaterial, irrelevant or illegal evidence being admitted, where he asserts no claim of want of sufficient legal evidence before it on which to find the indictment.

12. *Jury; Excusing for Cause; Power.*—The court has power to excuse a juror "for good and sufficient cause."

13. *Same; Venircmen; Substitution.*—Where a juror has been excused in a murder case, the court cannot substitute another in his place.

14. *Same; Drawing Jury; Numbering Slips.*—Section 5009, Code of 1896, does not require the numbering of the slips upon which are written the names of the special jurors and regular jurors in attendance, from which to draw the jury for trial of a capital case.

15. *Same; Challenge.*—It is not grounds for challenge, under Acts 1900-01, p. 2003, in Montgomery county, that a juror is not a resident householder or free holder of the county.

APPEAL from Montgomery City Court.

Heard before HON. W. H. THOMAS.

The defendant was indicted for killing Watson Ferguson, but the means is not stated in the indictment, nor is it alleged that he was killed by means unknown to the grand jury. The other facts in the case sufficiently appear in the opinion of the court. The defendant was convicted and sentenced to the penitentiary for life.

JULIUS STERNFELD, for appellant.—The first point raised goes to the sufficiency of the indictment, in that it fails to aver or allege the quo modo of the killing. This was not raised by demurrer to the indictment, nor by motion in arrest of judgment; it is present for the first time

on appeal. This court will review on writs of error or on appeal such errors as are apparent of record.—*Brazier v. The State*, 44 Ala. 387; *Weatherford v. The State*, 43 Ala. 319; *Foster v. The State*, 39 Ala. 288; *Williams v. The State*, 47 Ala. 659. The court's attention is especially called to the case of *Ex parte Knight*, 61 Ala. 483. *The Hornsby Case*, 94 Ala. 55, is not in point. Matter that would be good in arrest of judgment is also available on error, where that is the sole question, or on appeal where other questions of law are reserved as in the case at bar.—*Thomas v. The State*, 94 Ala. 74; *Cooper v. The State*, 88 Ala. 107. Whatever is good grounds for motion in arrest of judgment in the court below, though not noticed there, will compel reversal here.—*Finley v. The State*, 61 Ala. 201. This rule is also laid down in the cases of *Harrington v. The State*, 36 Ala. 236; *O'Byrne v. The State*, 51 Ala. 25; *Miller v. The State*, 33 Miss. 356. The rule in this state is that in a criminal case, there is no such thing as error without injury unless it affirmatively appears that the defendant was benefitted by the ruling of which he complains.—*Maxwell v. The State*, 89 Ala. 150; *Vaughan v. The State*, 83 Ala. 55; *Williams v. The State*, 1b. 19; *Mitchell v. The State*, 60 Ala. 26; *Marks v. The State*, 87 Ala. 99; *Pelham v. The State*, 89 Ala. 28.

The right of inspection of the grand jury record and evidence introduced leading up to the finding of this indictment is unquestioned.—*People v. Sellick*, 4 N. Y. Crim. 327; *People v. Price*, 6 N. Y. Crim, 141; *People v. Moore*, 65 How. Pr. 177; *People v. Clark*, 8 N. Y. Crim. 317; *People v. Brickner*, 1b. 217; *People v. Vaughan*, 11 1b. 388; *People v. Metropolitain*, 12 1b. 405. If the indictment was found without sufficient legal evidence to sustain it, it is not an indictment in contemplation of law and cannot stand.—Authorities supra. A humane interpretation of the law is that the grand jury is forbidden to find an indictment without sufficient evidence. —*People v. Molineux*, N. Y. Law Journal, March 22, 1899. If any illegal evidence has been introduced before the grand jury which bears in the smallest degree upon the final result of their deliberation, it cannot properly

(Gaines v. The State.)

be disregarded, and the indictment should be set aside.—
*People Moore, supra; Warrell v. Palmleaf,* 1 N. Y.
519; *Anderson v. Rome,* 54 N. Y. 334; *Bair v. Gillett,*
47 N. Y. 186. The defendant is entitled as a matter of
right to be confronted by the witnesses against him and
to have compulsory process for obtaining witnesses in
his favor.—Bill of Rights. The rule of practice as to
continuances cannot be so applied as to contravene the
right guaranteed by section 7 of the bill of rights.—
*Walker v. The State,* 117 Ala. 85. The court therefore
erred in refusing compulsory process to defendant, for
its witness Morgan. The court erred in discharging two
of the jurors served on defendant without his consent.—
*Phillips v. The State,* 68 Ala. 469. The court erred in
excusing the juror Carter for cause after he had been
empannelled.—*The State v. Williams,* 3 Stew. 454; *Lun-
dy v. The State,* 91 Ala. 100; *Whitehead v. The State,*
109 Ala. 495. The court erred in putting upon the de-
fendant a juror who was neither a householder or free-
holder of the county.—*Ezell v. The State,* 102 Ala. 128.
The court erred in refusing to substitute a juror in the
place of one dead when the venire was drawn.—Section
5273, code 1896; *Brazier v. The State,* 44 Ala. 387; *Mil-
ligan's Case,* 4 Wall. 119; *Roberts v. The State,* 68 Ala.
515; *Gibson v. The State,* 89 Ala. 121; *Jackson v. The
State,* 76 Ala. 26.

MASSEY WILSON, Attorney General for the State.—The
defect in the indictment should have been pointed out
by demurrer in the lower court or raised in this court
on a writ of error. It cannot be raised for the first time
on appeal.—*Abernathy v. The State,* 78 Ala. 411; *Taylor
v. The State,* 112 Ala. 69; *Dunklin v. The State,* 134 Ala.
195. While the indictment may be defective and not
good against demurrer for failure to aver the quo modo
of the killing, yet this defect was not prejudicial to the
essential right of the defendant and hence, is not avail-
able to him on appeal.—Section 4895, code 1896, and this
rule is not changed by section 4313.

The defendant had no right to have his motion to in-
spect the transaction, minutes or records of the grand

(Gaines v. The State.)

jury that returned the indictment. Assuming the truth of the motion, the indictment was good if legal evidence was received by the grand jury and no inquiry into the sufficiency thereof could be indulged.—*Sparrenberger v. The State,* 53 Ala. 481; *Washington v. The State,* 63 Ala. 189; *Carl v. The State,* 125 Ala. 89; *Hall v. The State,* 134 Ala. 90. The defendant having failed to show that the witness Morgan was within the jurisdiction of the court his request for an attachment was properly denied. —*Walker v. The State,* 117 Ala. 85. In any event, the testimony would have been merely cumulative.—*McLeod v. Shelby Co.,* 108 Ala. 81; *Alabama Co. v. Johnson,* 123 Ala. 197. The court properly excused the juror Croon. —*Plant v. The State,* 140 Ala. 52. The court was without authority to substitute another juror in his place. The only mistake with reference to the juror Thompson was the duplication of the number 76, no juror being duplicated. Section 5009 does not require such numbering. Carter was properly challenged. Under the law in force in Montgomery county, the fact that one is not a resident freeholder or householder is not grounds for challenge.—Acts 1900-1, p. 2003-4;*Thomas v. The State,* 124 Ala. 48. The motion of defendant to substitute another name for that of Marion was properly denied.— *Roberts v. The State,* 68 Ala. 515; *Gibson v. The State,* 89 Ala. 121. The court rightly sustained the objection of the solicitor to the question propounded by defendant to juryman Bennett.—*Jarvis v. The State,* 138 Ala. 17. The testimony bearing on how the deceased lost his leg was immaterial.—*Davenport v. The State,* 85 Ala. 336; *King v. The State,* 90 Ala. 602. The testimony of the witness Waller was properly admitted.—*Smith v. State,* 137 Ala. 22. The two charges requested by the defendant are confusing.—*McClellan v. The State,* 140 Ala. 99. There was no unwarranted separation of the jury.—*Nabors v. The State,* 120 Ala. 323; *Sanders v. The State,* 131 Ala. 1.

DOWDELL, J.—The defendant was tried and convicted on an indictment for murder and was sentenced to imprisonment in the penitentiary for life. From the

judgment of conviction the present appeal is taken. The indictment which charges murder in the first degree omits to aver the means with which the offense was committed. No objection on this account was raised to the indictment in the court below by demurrer or otherwise. The objection is for the first time raised here.

It is insisted by the state that as no question of law was reserved by the defendant on the trial below, it cannot here be raised for the first time on appeal, and, further, that the question not having been reserved on the trial, it could only be brought here by writ of error, which was not done in this case. In support of this contention, the case of *Ex parte Knight*, 61 Ala. 483, is cited and relied on as an authority. Since the decision in that case, a new statute has been introduced into our code (section 4313 of the criminal code of 1896), which brought with it a change in the law as it theretofore existed in respect to appeals in criminal cases. That section, which is found in chapter 126 of the criminal code of 1896, reads as follows: "Any person convicted of a criminal offense in the circuit court or other court from which an appeal lies directly to the supreme court, may appeal from the judgment of conviction to the supreme court." In the same chapter we find section 4333, which reads as follows: "In cases taken to the supreme court under the provisions of this chapter, no assignment of errors, or joinder in errors, is necessary; but the court must consider all question apparent on the record or reserved by bill of exceptions, and must render such judgment as the law demands. But the judgment of conviction must not be reversed because of error in the record, when the court is satisfied no injury resulted therefrom to the defendant." While the remedy by writ of error under the statute, in all cases where applicable, remains the same as heretofore, still under the statutes above set out we see no escape from the conclusion that it becomes the duty of this court, when a case is brought here by appeal from a judgment of conviction, to "consider all questions apparent on the record."

But it is insiste that, as no objection was raised to the indictment in the trial court, the defect was waived, and

(Gaines v. The State.)

that there is therefore no error apparent of record. The satute says, however, we must consider all "questions" apparent on the record. The objection to the indictment is here made a question, and is one that is apparent on the record. At the common law an averment of the means with which the offense charged was committed was necessary to a good and sufficient indictment for murder. And under the criminal procedure of the code it is evident that it was the intention of the law-makers that the averment of the means with which the alleged homicide was committed, and which was a necessary averment in the common-law indictment, should not be dispensed with, but, on the contrary, should be observed. The form of indictment No. 63 prescribed in our criminal code for murder (page 333), requires an averment of the means with which the offense was committed. So, likewise, form of indictment for manslaughter in the first degree (No. 60, p. 332), and form No. 61 for manslaughter in the 2nd degree, and form No. 64, for killing in a sudden encounter—each and all of these forms of indictment provide for an averment of the means with which the offense charged was committed. § 4894 declares the forms given in the code sufficient. §4906 provides as follows: "When the means by which the offense was committed are unknown to the grand jury, and do not enter into the essence of the offense, the indictment may allege that they are unknown to the grand jury." § 4911 provides that, "when the offense may be committed by different means, or with different intent, and means or intents may be alleged in the same count in the alternative." So it would seem from these statutory provisions that an averment of the means with which the offense charged was committed is a necessary averment to a good indictment, and without it the indictment would be defective and subject to demurrer. The principle here declared is recognized in *Hornsby v. State*, 94 Ala. 55, 10 South. 522.

It is further insisted that under § 4895 of the criminal code of 1896 the indictment should not be held insufficient. That section reads as follows "An indictment must not be held insufficient, nor can the trial, judgment or other proceedings thereon, be affected by reason of

(Gaines v. The State.)

any defect or imperfection in any matter of form which does not prejudice the substantial rights of the defendant on the trial." Without stopping to discuss the full meaning and scope of this statute, it is sufficient to say that it is without application to the case before us, as the question under consideration is not one of mere defect or imperfection in a matter of form, but, from what we have said above, a defect in substance. The means with which the offense charged was committed, however, is not, in an indictment for murder, a constituent element of the offense. The unlawful killing with malice aforethought, regardless of the means employed, constitutes murder. Every constituent element of murder is averred in the indictment. The omission to aver the means employed, though in a sense a defect of substance, and not one of mere form, yet is such a defect as must be taken advantage of by demurrer. This principle is stated in effect in *Hornsby v. State, supra.* See, also, the following cases: *Oregon v. Bruce,* 5 Or. 71, 20 Am. Rep. 734; *Cathcart v. Commonwealth,* 37 Pa. 114; *Wolf v. State,* 19 Ohio St. 256. Moreover, § 4333 of the criminal code of 1896, which we have set out in full above, provides: "But the judgment of conviction must not be reversed because of error in the record, when the court is satisfied that no injury resulted to the defendant." This provision was introduced into § 4333 at the time of the adoption of the code of 1896, and therefore became the law subsequent to the time of the decision of *Maxwell v. State,* 89 Ala. 150, 7 South. 824, and doubtless was introduced in the code for the purpose of meeting the doctrine laid down in *Maxwell v. State,* and cases there cited. We are satisfied that no injury resulted to the defendant from the omission of the averment in the indictment. The evidence without dispute showed that the killing was done with a gun.

Before the trial was entered upon, and before the defendant had pleaded to the indictment, he filed a motion that he be allowed to inspect the "transactions, minutes and records of the grand jury that indicted him," upon several grounds mentioned in the motion, the sum and substance of which were that the grand jury in the in-

(Gaines v. The State.)

vestigation of his case had admitted before it evidence that was immeterial, irrelevant, illegal, etc. This motion the trial court overruled and disallowed. There was no pretense that the grand jury did not have sufficient legal evidence before it upon which to find the indictment. The motion under the criminal procedure of this state was without merit. If the grand jury had any legal evidence before it to authorize a bill, all inquiry as to the nature, character, and sufficiency of any other evidence introduced before it is cut off, when sought for the purpose of attacking the validity and integrity of the indictment. The trial court very properly overruled the motion. See *Sparrenberger v. State,* 53 Ala. 481, 25 Am. Rep. 643; *Washington v. State,* 63 Ala. 189; *Carl v. State,* 125 Ala. 89, 102, 28 South. 505; *Hall v. State,* 134 Ala. 90, 112, 32 South. 850.

There was no error in the court's refusal to delay the trial of the case and issue an attachment for the witness Morgan. It was not shown that this witness was at the time within the jurisdiction of the court. *Walker v. State,* 117 Ala. 85, 23 South. 670. Moreover, it appears that the defendant stated what he expected to prove by this absent witness, and the solicitor stated that the state would admit the showing if put in writing and legal form, and, furthermore, it appears that the evidence of this witness would have been merely cumulative.

The action of the court in excusing the juror Croom "for a good and sufficient cause" was a matter within the power of the court. The cause not being shown in the record, the court's action in this respect cannot be reviewed.—*Plant v. State,* 140 Ala. 52, 37 South. 159. There was no authority in the court to substitute another venireman in the place of Croom. § 5007 of the code of 1896 provides for the discarding of names in certain cases, and the facts here do not bring the case within the influence of the statute.

It clearly appears that the only mistake in the venire in reference to the juror Thompson was the duplication of the number 76 there being no duplication in the name of the juror. The names of the jurors are numbered as a matter of convenience. § 5009 of the code does not re-

(Gaines v. The State.)

quire such numbering, and omission to number the names would not affect the venire. See, also, code 1896 § 4333.

Under the decision in *Parker v. State*, 102 Ala. 128, 15 South. 819, it was held a good cause of challenge that the person was not a resident householder or freeholder of Montgomery county. § 4331 of the criminal code of 1886 (§ 5016, Cr. code 1896), was amended by the act of December 8, 1894 (Acts 1894-95, pp. 33, 34.), and this ground of challenge was omitted, and it was held in *Thomas v. State*, 124 Ala. 48, 27 South. 315, that under this act it is not a ground of challenge for cause that the juror had not been a "resident householder or freeholder of the county for the last preceding year." The act of March 2, 1901 (Acts 1900-01, pp. 2003, 2004), contains a provision that this shall not constitute ground for challenge for cause. This is the jury law now in force in Montgomery county.

There were other exceptions reserved to the rulings of the court during the proceedings in selecting a jury for the trial, but it clearly appears from the record that there is no merit in any of these exceptions. Nor do we think there is any merit in any of the exceptions reserved to the rulings of the court on objections made in the admission and rejection of evidence.

There were two charges requested in writing by the defendant, which were refused by the court. Both and each of these charges, besides being bad in other respects, were eliliptical, and no error was committed in refusing them.

In sending the jury back to put their verdict in proper form, the court did right. There had been no such separation of the jury as would injure or prejudice the defendant.—*Nabors v. State*, 120 Ala. 323, 25 South. 529; *Sanders v. State*, 131 Ala. 1, 31 South. 564.

We find no reversible error in the record, and the judgment will be here affirmed.

Affirmed.

WEAKLEY, C. J., and HARALSON and DENSON, JJ., concur.