# McCain *v.* The State.

## *Murder.*

(Decided April 22, 1909.   49 South. 361.)

1. *Homicide; Instructions; Self Defense.*—A charge on self defense asserting that if the defendant was under a reasonable and honest belief that his life was in danger and was without fault in bringing on such difficulty, and had, under all circumstances, reasonable cause to believe that he was in imminent danger when he shot the deceased, it would be immaterial whether there was such danger or not, and the jury must acquit if they believe such to have been the case, pretermits the duty to retreat if good in other respects.

2. *Same.*—A charge asserting that if the jury believe the defendant was without fault in bringing on the difficulty, and there existed in his mind at the time the belief that there was either a real or ap-

parent imperious and impending necessity to shoot to save life, or to save himself from great bodily harm, and that, from a belief that deceased had a pistol or other dangerous weapon, and from such belief he shot and killed deceased, they must not convict, pretermits an honest and reasonable belief on the part of defendant as to his impending peril, and is properly refused.

3. *Same; Belief as to Impending Danger.*—While the law requires that a belief as to impending peril of one who claims to have acted in self defense must be both reasonably and honestly entertained, yet it does not mean that the supposed facts that generates such a belief must be real, as they may be appearances only, and still justify as prompt action as if they were real.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Homer McCain was convicted of murder in the second degree, and he appeals. Affirmed.

The questions noted in the first paragraph of the opinion were questions asked by the solicitor on cross-examination relative to the conviction of the witnesses, or of their taking sides in the difficulties, and in each instance were answered in the negative. The following charges were refused to the defendant: "(1) The court charges the jury that if Homer McCain was under a reasonable and honest belief that his life was in danger, and he was without fault in bringing on such danger, and he had under all the circumstances reasonable cause to believe that he was in imminent danger at the moment he shot Clifford Staton, it would be immaterial whether there was such danger or not, and the jury must, if they believe such to have been the case, acquit the defendant. (2) The court charges the jury that if they believe Homer McCain was without fault in bringing on the difficulty, and there existed at the time in the mind of Homer McCain the belief that there was either a real or apparent imperious and impending necessity to shoot in order to save life, or save himself from great bodily harm, and that, from a belief that Staton had a pistol or other dangerous weapon, retreat would only increase

[McCain v. The State.]

his danger, and Homer McCain from such belief shot
and killed Clifford Staton, then the jury must not con-
vict Homer McCain."

JOHN A. LUSK, for appellant. The court erred in its
rulings touching the evidence as to the indictment of
Myra Smith.—*Gordon v. The State,* 140 Ala. 29; Sec.
4009, Code 1896; 5 Wigmore on Evid. 987. A witness
cannot be cross examined as to his indictment for or
conviction of any but infamous crimes.—*Gordon v. The
State, supra; William v. The State,* 144 Ala. 44.

ALEXANDER M. GARBER, Attorney General, and STREET
& ISBELL, for the State. Since all the questions were
answered in the negative, no harm resulted to defendant
even if the court erred in reference to the question.—
*Thompson v. The State,* 100 Ala. 70; *Brock v. The State,*
39 South. 580. The court properly refused the requested
charge.—*Jackson v. The State,* 78 Ala. 471.

ANDERSON, J.—Whether or not the questions asked,
over the objection of the defendant, were improper, we
need not decide; for, if error was committed in permit-
ting these questions, it was error without injury, as the
witness answered in the negative, and the facts thereby
sought were not otherwise proven.

Charge 1, requested by the defendant, was properly re-
fused. It pretermitted the duty to retreat, if not other-
wise bad.

Charge 2, requested by the defendant, was properly
refused. It pretermits a reasonable and honest belief
on the part of the defendant as to the impending peril.
"The law requires that such belief must be both reason-
ably and honestly entertained." This, of course, does not
mean that the supposed facts generating such belief must

be real; for they may be appearances only, and yet justify as prompt action as if they were real.—*Jackson v. State,* 78 Ala. 471; *Storey v. State,* 71 Ala. 330; *Holley v. State,* 75 Ala. 14, 19.

The judgment of the circuit court is affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and SAYRE, JJ., concur.