# Williams *v.* The State.

*Murder.*

(Decided June 17, 1909.  50 South. 59. )

1. *Homicide; Evidence.*—Where evidence that the defendant had gone to the home of the deceased several hours before the difficulty, and had there made threats against the deceased, it was competent to show that at that time defendant had a pistol with him, as tending to show his attitude towards the deceased.

2. *Same; Manslaughter; Provocation.*—Passion suddenly aroused without more, cannot reduce a homicide from murder to manslaughter. Nothing less than a blow stricken or threatened as cause of the passion can do this.

3. *Same; Instructions; Self Defense.*—The law requires that a belief of imminent peril and urgent necessity to slay in self defense must be both well founded and honestly entertained, although it may be based upon appearances.

4. *Same.*—It should not be left to the jury to determine what is sufficient provocation of passion to reduce a homicide from murder to manslaughter; this should be defined by the court.

5. *Charge of Court; Reasonable Doubt.*—Charges asserting that the jury must be satisfied to a moral certainty not only that the proof is consistent with guilt, but that it is wholly inconsistent with every other rational conclusion, and asserting defendant's right to an acquittal unless the jury are so convinced of his guilt by the evidence, that they would venture to act on that decision in matters of the highest concern and importance to themselves, have been often condemned, and are always properly refused.

6. *Same; Ignoring Evidence.*—Where damaging circumstances are shown by his own testimony, charges asserting defendant's right to an acquittal on the failure of the prosecution to show his guilt beyond a reasonable doubt are misleading.

7. *Same; Assuming Facts.*—Charges which assume as facts matters in inference or about which is conflict in the evidence, are properly refused.

8. *Same; Covered by Those Given.*—Charges which are substantially embodied in or covered by charges already givn may be properly refused.

9. *Same; Exluding Issues.*—Where the indictment charges murder, and there was evidence authorizing or justifying a conviction of manslaughter, a charge asserting defendant's right to an acquittal unless proven guilty as charged is misleading.

APPEAL from Anniston City Court.

Heard before Hon. T. W. COLEMAN, JR.

John Williams was convicted of murder in the second degree, and he appeals.    Affirmed.

The facts made by the evidence are, substantially, that some two or three hours before the killing, the defendant went to the home of the deceased, and in his absence had an altercation with deceased's wife about a matter pertaining to defendant's wife, in which certain threats were used by defendant as to deceased's wife and all her family.    Later on in the same day deceased, with his wife and stepson, came to the dwelling of defendant, and found defendant in his yard, where another altercation followed, in which deceased seems to have been the aggressor.    Some of the evidence tended to show that deceased had his right hand in his pocket and in this manner advanced upon defendant, who was

standing in the yard with one foot on the doorstep, whereupon defendant backed away several feet and fired three shots, when the two engaged in a hand to hand struggle, in which defendant was thrown to the ground, but recovered and got away from deceased, whereupon the defendant put his hand on deceased's collar and fired the fourth shot into his breast.

The following charges were refused to the defendant:

(41) Before the jury can convict the defendant, they must be satisfied to a moral certainty, not only that the proof is consistent with the defendant's guilt, but that it is wholly inconsistent with every other rational conclusion; and unless the jury are so convinced by the evidence of the defendant's guilt that they would each venture to act upon that decision in matters of the highest concern and importance to his own interest, then they must find the defendant not guilty."

"(75) The only foundation for a verdict of guilty in this case is that the entire jury shall believe from the evidence beyond a reasonable doubt and to a moral certainty that the defendant is guilty as charged in the indictment, and to the exclusion of every probability of his innocence and every reasonable doubt of his guilt, and if the prosecution has failed to furnish such measure of proof, and to so impress the minds of the jury of his guilt, they should find him not guilty."

"(49) Unless the jury are convinced beyond all reasonable doubt that the killing was done with malice, and not the result of passion suddenly aroused, then they should acquit the defendant of murder."

"(20) If the jury have a reasonable doubt as to whether the killing was the result of malice, or the result of suddenly aroused passion, produced by sufficient provocation, then they should give defendant the benefit of such doubt, and not find him guilty of murder in any degree.

[Williams v. The State.]

"(21) If the jury have a reasonable doubt, as to whether the killing was a result of premeditation and deliberation or the result of sudden passion suddenly aroused by great provocation, then they should give the defendant the benefit of such doubt, and acquit him of murder in the first degree."

"(71) If the jury believe from the evidence that the defendant, without fault on his part, was being attacked by Charlie Williams, and the attack was such as to create in the mind of a resonable man the impression that it was necessary for him to shoot in defense of his own life, then you should acquit the defendant.

"(72) If the defendant was free from fault in bringing on the difficulty, and the deceased was making an attack on him in the night-time, and the attack was such as to create in the mind of a reasonable man the impression that it was necessary for him to shoot in order to save his own life, then you should find the defendant not guilty."

"(19) I charge you, gentlemen of the jury, that if you believe from the evidence that at the time the fatal shot was fired the defendant acted under the honest belief that he was in danger of his life or limb at the hands of deceased, then you should acquit him, provided he was free from fault in bringing on the difficulty."

"(14) I charge you that the defendant was under no duty to retreat in this case, and if he was free from fault in bringing on the difficulty, and was attacked in the night-time by the deceased, and the attack was such as to create in the mind of a reasonable man the impression that it was necessary for him to shoot his assailant in order to save his own life, then he had a right to anticipate the deceased and fire first, and you should acquit him."

"(53) The court charges the jury that if they believe the evidence in this case it will be their duty to find that the defendant was under no duty to retreat."

"(31) The court charges the jury that the defendant was under no duty to retreat in this case, and if he was free from fault in bringing on the difficulty he had a right to shoot Charlie Williams in defense of himself, if the circumstances were such as to impress the mind of a reasonable man that he was in great danger of life."

"(30) The court charges the jury that under the law of this country the defendant had a right to carry a pistol in defense of himself."

TATE & WALKER, for appellant.—Counsel discuss assignments of error as to evidence, but without citation of authority. Charge 8 should have been given.—*Gilmore v. The State,* 99 Ala. 154; *Sherrill v. The State,* 138 Ala. 3; *Bones v. The State,* 117 Ala. 138. Charge 31 should have been given.—*Brown v. The State,* 118 Ala. 114. On the same authority charge 75 should have been given. Charge 49 should have been given.—*Martin v. The State,* 119 Ala. 1; *Prior v. The State,* 77 Ala. 56. The appellant was under no duty to retreat in this case. Charges 5 and 6 should have been given.—*Sherrill v. The State, supra; Bone v. The State, supra.*

ALEXANDER M. GARBER, Attorney-General, for the State.

SAYRE, J.—The state showed without objection that the defendant, an hour or two before the killing, which occurred within the curtilage of defendant's home, had gone to the home of the deceased and there had an angry conversation with the wife of deceased, during which he had made threats comprehensive enough to embrace the deceased, as well as his wife. The state was permit-

ted, over defendant's objection, to show that defendant had at the time a pistol. This, in connection with the threat, was permissible for the purpose of illustrating defendant's mental attitude towards the deceased when the latter was shortly thereafter slain by the defendant.

It may be. that ideas intended to be conveyed to the jury by a number of the charges refused to the defendant would have been of assistance to the jury in understanding the law of the case and in reaching a righteous verdict; but they had each been stated to the jury substantially in one or more of the 58 charges which were given by the trial court. They, therefore, needed not to be repeated by that court, nor do they call for consideration at length by this. Particularly is this true of those numerous charges which stated so simple a proposition as that the jury must be convinced beyond a reasonable doubt, and defined a reasonable doubt in so great a variety of form and language as probably would lead the jury to the opinion that a doubt of the sort was of delicate and difficult comprehension, and inspire the fear that perhaps, after all, a jury of ordinary men might miss its meaning.

Charge 41, the second of that number to be found in the record, and discussed in appellant's brief, appears to have been given in the court below. The other charge 41, which was refused to the defendant, was properly refused. Charges of similar import have been condemned by this court in *Allen v. State*, 111 Ala. 88, 20 South. 490, and in subsequent cases.

Charge 7 was open to criticism. It was treated as a proper charge in *Brown v. State*, 118 Ala. 114, 23 South. 81, where the defendant had been convicted of burglary. In *Johnson v. State*, 133 Ala. 38, 31 South. 951, the charge was criticised as calculated to mislead the jury to believe that the evidence adduced by the state alone

should show the defendant to be guilty, whereas it was the duty of the jury, in determining the question of guilt, to consider also the testimony introduced by the defendant, which in itself proved the homicide, if nothing more. So here the evidence offered by the defendant not only showed the act of killing by the defendant but the most damaging circumstances against him, to-wit, that after defendant had gotten from under the deceased, after they had fallen to the ground in a hand to hand struggle, he held deceased down with his left hand while he put the pistol to the breast of deceased and fired the fatal shot.—*Sanders v. State,* 134 Ala. 74, 32 South. 654. This charge was also faulty because it asserted the defendant's right to an acquittal on a failure to prove his guilt as charged. The indictment charged murder. But under it, and under one aspect of the evidence, the jury might have convicted the accused of manslaughter in the first degree. The charge was therefore misleading, and at outs with numerous decisions of this court to the effect that, in cases of this character, instructions predicating the insufficiency of evidence to justify a conviction of a higher degree of homicide, without regard to its sufficiency to justify conviction of an included lesser degree, are essentially erroneous.—*Stoball v. State,* 116 Ala. 454, 23 South. 162; *Jones v. State,* 79 Ala. 23.

Charge 49 was properly refused. Passion suddenly aroused, without more, cannot reduce a homicide from murder to manslaughter. It must be aroused by nothing less than a blow stricken or threatened. The case of *Martin v. State,* 119 Ala. 1, 25 South. 255, cited by defendant, recognizes the principle stated. The charges there considered asserted defendant's freedom from guilt of murder where the killing was the consequence of passion suddenly aroused by a blow given. In *Smith v. State,* 83 Ala. 26, 3 South. 551, also cited by defendant,

[Williams v. The State.]

there was evidence going to show that the defendant had overheard the prosecutor making insulting proposals to his wife, and, on entering his own house, was assaulted by the prosecutor with a knife. The court, in dealing with that case, might safely assume the adequacy of such provocation. It was not within the uncontrolled power of the jury to say what should be taken as sufficient provocation. What would be sufficient provocation of such passion as would reduce the grade of the homicide is a question of technical, legal learning, which should be defined by the court, and not left to the jury. —*Jones v. State, supra.* Charges 20 and 21 were therefore properly refused.

Charges 71, 72, 19, 14, 53, and 31 seem to have been framed with the purpose to assert the doctrine that if the defendant was free from fault in bringing on the difficulty, and acted on the belief, "well-founded and honestly entertained" at the time of the fatal shot, that he was in imminent danger of his life or limb, and must fire in order to save himself, he should be acquitted. They were evidently not refused as faulty in pretermitting duty to retreat, for the court charged the jury affirmatively that defendant, being at the time within the curtilage of his own home, was not required to retreat. They were refused for the fault with which they are affected, a failure to state that belief of imminent peril, and of an urgent necessity to slay an assailant, to justify, though it may be based upon appearances, must be both well-founded and honestly entertained.—*Jackson v. State,* 78 Ala. 471; *Storey v. State,* 71 Ala. 330; *McCain v. State,* 160 Ala. 37, 49 South. 361. Moreover, the substance of these charges was more than once given to the defendant in other charges.

Charge 30, refused to the accused, assumed as a fact that he did carry a pistol for defensive purposes, and was properly refused for that reason.

[Phillips v. The State.]

Charges 5 and 6 were substantial duplicates of charge 4, which was given.

We have scrutinized the record without finding error, and the judgment and sentence of the court will be offirmed.

Affirmed.

Dowdell, C. J., and Anderson and McClellan, JJ., concur.