322 So.2d 745

**John PERRY**

v.

**STATE.**

**6 Div. 963.**

Court of Criminal Appeals of Alabama.

Nov. 18, 1975.

Jackie M. McDougal, Bessemer, for appellant.

William J. Baxley, Atty. Gen. and David L. Weathers, Asst. Atty. Gen., for the State, appellee.

CATES, Presiding Judge.

Perry, convicted of assault with intent to murder and sentenced to four years imprisonment, appeals.

I

According to the State's evidence, which the verdict impliedly adopted as credible, Perry twice cut Charlie Robinson.

Perry testified that Robinson came at him with a drawn pen knife and that he pulled his case knife and Robinson ran into it.

We consider that the jury had before them a description of Perry's knife and his two encounters using it. Hence, malice being a conclusion of fact there was evidence from which the jury could infer it beyond a reasonable doubt.

## II

The court reporter shows that the jury was polled. On being asked by the clerk if the verdict was hers, the first juror polled replied, "No, it isn't." The other eleven adhered to the verdict. The record then shows:

> "THE COURT: The juror that answered in the negative, this not being her verdict, the law of Alabama requires a unanimous verdict. Did you understand the question?
>
> "JUROR LAMB: It was my verdict.
>
> "THE COURT: It is your verdict? All right.
>
> (Trial concluded and jury excused)"

Ground 8 of the appellant's motion for new trial claimed error for the Court's failing and refusing to grant a mistrial because of the initial response. However, the record sent up to us reveals no motion for a mistrial was made.

Moreover, the appellant should, as a condition precedent to any proper motion for a mistrial, have first suggested that the court order the jurors to retire and deliberate further as the Code, T. 30, § 101[1] requires. See *Ray v. State,* 39 Ala.App. 257, 97 So.2d 594. In *McAlpine v. State,* 117 Ala. 93, 23 So. 130, the statement of the case refers to the defendant's "challenging" a verdict because of an initial equivocal vote by one juror in open court. That case approved the trial judge's asking a second question to get an unequivocal answer.

In other words, sending the jury back for further deliberation should only be resorted to if the trial judge is reasonably satisfied that one or more of the jury do not stick by the verdict handed up by the foreman. If we had a videotape of the transaction perhaps we might then see whether the changing juror was puzzled by the clerk's question, or whether the roll call showing eleven affirmances stampeded her into recanting.

However, without the matter having been called to the judge's attention before he discharged the jury, there is nothing presented for review by us.

## III

Defendant's refused Charge No. 12, as to lesser included offenses, differs materially from Charges D and M approved in *Stovall v. State,* 34 Ala.App. 610, 42 So.2d 636. Moreover, the last clause is garbled as though it was the product of the "dictated-but-not-read" syndrome.

We have considered the entire record under Code 1940, T. 15, § 389. The judgment is

Affirmed.

All the Judges concur.

---

[1]. "When a verdict is rendered in either a civil or criminal case, and before it is recorded, the jury may be polled, on the requirement of either party; in which case they must be asked severally if it is their verdict; and if any answer in the negative, the jury must be sent out for further deliberation."