The defendant was indicted and convicted for the attempted murder of Jeffie "Dink" Smith. Alabama Code 1975, Sections13A-4-2 and 13A-6-2. Sentence was ten years' imprisonment.
 I
The indictment charged that the defendant "did with the intent to commit the crime of murder . . . upon the person of Jeffie `Dink' Smith, attempt to commit said offense." Because the indictment omitted to state the means with which the attempted murder was committed, it was defective and subject to demurrer. "The means with which the offense charged was committed, however, is not, in an indictment for murder, a constituent element of the offense. . . . The omission to aver the means employed, though in a sense a defect of substance, and not one of mere form, yet is such a defect as must be taken advantage of by demurrer." Gaines v. State, 146 Ala. 16, 23,41 So. 865 (1906).
Here, the demurrer was untimely because it was filed sometime after the defendant had pled not guilty. Gentry v. State,344 So.2d 1246 (Ala.Cr.App.), cert. denied, 344 So.2d 1249 (Ala. 1977).
In Gaines, our Supreme Court applied the harmless error rule: "We are satisfied that no injury resulted to the defendant from the omission of the averment in the indictment. The evidence without dispute showed that the killing was done with a gun."Gaines, 146 Ala. at 23, 41 So. 865.
This is the same factual situation presented here. The evidence is without dispute that the defendant assaulted Smith with a rifle. Moreover, the defendant was well aware of the facts and circumstances involved in this incident as reflected by the comments of the trial judge: "(t)he co-defendant went on trial on the charge of murder, arising out of the same facts and circumstances, and that this defendant, his wife, testified in his trial, and that this is the next term of court in Alexander City following that trial, in which this defendant, his accomplice, could be tried."
As noted, Gaines held that the failure to allege in an indictment for murder the mode or means of effecting death rendered the indictment voidable upon demurrer but not void. In agreement with Gaines, see also Wilson v. State, 243 Ala. 1, 9,8 So.2d 422 (1942) ("Without such averments (of the means with which the offense was committed or that the same are unknown to the grand jury), indictments have been held to be defective and subject to appropriate demurrer."); Jackson v. State, 236 Ala. 75,182 So. 83 (1938) (An indictment *Page 831 
charging the possession of a gambling device demurrable because it did not describe the gambling device, but sufficient, in the absence of appropriate objection, to support the judgment of conviction.); Langham v. State, 243 Ala. 564, 11 So.2d 131
(1942) (Indictment defective because it failed to name the poison used to commit murder.).
The decision of this Court in Nelson v. State, 50 Ala. App. 285, 278 So.2d 734 (1973) (followed in Pendleton v. State,57 Ala. App. 452, 329 So.2d 140 (1975), cause remanded on other grounds, 295 Ala. 327, 329 So.2d 144 (1976)), held that the omission in a murder indictment of any attempt to set out the "quo modo", or the manner in which the crime was committed, was such a defect in substance, in violation of due process, that the indictment would not support a judgment of conviction despite the absence of any question as to the sufficiency of the indictment in the trial court. Under Nelson, the failure to allege the means by which the offense was committed rendered the indictment void. Under Gaines, that same failure rendered the indictment only voidable. The dissent in Nelson,50 Ala. App. at 289, 278 So.2d 734 (and Pendleton) recognized this conflict.
We note that in a number of other jurisdictions the rule has been established, either by statute or judicial decision, that an indictment for homicide need not allege the means used to cause death. 40 Am.Jur.2d Homicide, Section 229 (1968); 40 C.J.S. Homicide, Section 150 (1944). Because "the decisions of the supreme court shall govern the decisions and holdings of the courts of appeals" we are bound by the holding in Gaines.
 II
The defendant's challenge for cause of prospective juror Shirley Ogmond was properly overruled. Although Ms. Ogmond initially stated that, based on what she had read in the newspaper and what she had heard from her husband, she felt the defendant was guilty, upon further questioning by the trial judge, she acknowledged that she could be "a fair, honest, impartial juror based solely on the evidence." She candidly admitted that she did not think she could "totally" put out of her mind anything she might have heard or read about the case but admitted that she did not think it would affect her verdict in any way. Ms. Ogmond was able to "assure" the trial judge that she "could listen to the evidence in this case, and base her verdict solely on what came to her from the witness stand." "Where jurors testify that they have opinions but that they would try the case fairly and impartially according to the law and the evidence, and that their opinions would not influence their verdict, they are competent to serve and it is not error for a trial judge to deny a challenge for cause." Jarrell v.State, 355 So.2d 747, 749 (Ala.Cr.App. 1978); Tidmore v. Cityof Birmingham, 356 So.2d 231, 234 (Ala.Cr.App. 1977), cert. denied, 356 So.2d 234 (Ala.), cert. denied, 439 U.S. 836,99 S.Ct. 120, 58 L.Ed.2d 132 (1978).
 II
It is not ground for challenge for cause that a juror is related to counsel in a criminal case. Washington v. State,58 Ala. 355 (1877). That a juror is related to the district attorney or to the prosecuting attorney is no ground for challenge for cause. Frost v. State, 225 Ala. 232, 142 So. 427
(1932). As used in Alabama Code 1975, Section 12-16-150, "prosecutor" means "one who instigates prosecution by making an affidavit charging a named person with the commission of a penal offense, on which a warrant is issued, or an indictment or accusation is based." Wright v. State, 40 Ala. App. 263, 269,111 So.2d 588, cert. denied, 269 Ala. 131, 111 So.2d 596
(1958). "Prosecutor" as used in the statute containing the statutory challenges for cause does not mean the district attorney prosecuting the accused. Acoff v. State, 50 Ala. App. 206, 278 So.2d 210 (1973).
 IV
The defendant argues that the verdict was contrary to the evidence and that her motion to exclude the State's evidence *Page 832 
should have been granted. The defendant alleges that she acted in defense of her husband who was being attacked by Dink Smith. The State had the burden of proving that the defendant did not act in self-defense in the sense that the State had to prove a prima facie case of unjustified homicide. Kent v. State,367 So.2d 508 (Ala.Cr.App. 1978), cert. denied, 367 So.2d 518 (Ala. 1979); Mack v. State, 348 So.2d 524 (Ala.Cr.App. 1977). Such a homicide being shown, a defendant must prove circumstances in mitigation, excuse or justification unless shown by the evidence produced against him. Flint v. State, 370 So.2d 332
(Ala.Cr.App. 1979).
Here, there was a jury question of whether or not the defendant "reasonably believed" that the victim was using or about to use unlawful deadly physical force against her husband which would justify her actions. Alabama Code 1975, Section13A-3-23.
The defendant presented no evidence on the facts surrounding the assault. The State's evidence shows that on the morning of April 22, 1981, the defendant, her husband Lonnie Howard, and Jessie "Dink" Smith were having a friendly drink of whiskey at Smith's service station and grocery store. Smith and Howard got into an argument. When Howard grabbed Smith a fight began. Smith drew a knife from his pocket and severely cut Howard.
Then the two men separated and were not fighting "anymore". Howard told the defendant to "get my damn 30-30." The defendant ran to their truck, "got the rifle, came back, actioned the rifle, it's a lever action, loaded it, threw it up and shot" in Smith's direction. She gave the rifle to Mr. Howard who "levered the action, loaded it, threw it up, aimed and shot" and killed Mr. Smith. After the defendant had already fired at Smith, the defendant told a witness at the scene "to sit down out there or she would get" him.
By statute, the defendant was justified in using deadly physical force in defending her husband only if (1) she reasonably believed that Smith was using or about to use unlawful deadly physical force, Section 13A-3-23 (a)(1), and only if (2) she reasonably believed that both she and her husband could not have avoided the necessity of using such force with complete safety by retreating. Section 13A-3-23
(b)(1).
The testimony presented a jury question on the issues of not merely what the defendant actually believed but what she had the right to believe. Oliver v. State, 17 Ala. 587 (1850). The law requires that a belief of imminent peril and urgent necessity to slay in self-defense, though it may be based on appearances, must be both well-founded and honestly entertained. Williams v. State, 161 Ala. 52, 59, 50 So. 59
(1909). A merely "honest" belief, unless a reasonable one, that the killing was necessary, will not make it justifiable.
 "It is not an honest, but a reasonable belief, that justifies. An honest may not be a reasonable belief; it may be the offspring of fear, alarm or cowardice, or it may be the result of carelessness, and irrational. A reasonable belief, generated by the attendant circumstances — circumstances fairly creating it — honestly entertained, will justify a homicide; but not an irrational belief, however honest it may be." Holley v. State, 75 Ala. 14, 19
(1883).
The testimony that the fight between Smith and Mr. Howard had ended and the two had separated presented a genuine factual issue of whether or not the defendant had reasonable ground to believe that Smith was about to use unlawful deadly physical force against her husband.
Since the evidence shows that the defendant's husband was not free from fault in starting the difficulty, the jury had to determine whether or not the defendant "reasonably believed" that her husband was not the "initial aggressor". Section13A-3-23 (c)(2). Additionally, a jury question was presented as to whether or not it "reasonably appeared" or the defendant knew that she could have avoided the necessity of using force by retreating. Section 13A-3-23 (b)(1). Although there was no testimony *Page 833 
directly on this point, the evidence strongly supports the reasonable inference that retreat was available to both the defendant and her husband.
For these reasons, the defendant's motion to exclude the State's evidence was properly overruled.
 V
When the jury was polled, one juror initially indicated that the verdict of guilty was not his verdict: "I voted for it but my conviction wasn't to vote for it." Immediately, the trial judge questioned the juror's response and "determined that it was his desire and intent to vote for the guilty verdict, and still wanted to do it after the court gave him the chance not to." The defendant requested a mistrial and argues that its denial was error.
Because the defendant did not suggest that the trial judge order the jurors to retire and deliberate further, she cannot now be heard to complain that a mistrial was required. The language of Comer v. Rush, 403 So.2d 205, 207 (Ala. 1981), controls.
 "(T)he defendant moved for a mistrial without first requesting that the court order further deliberations. Such a request is required as a condition precedent to a request for a mistrial, in keeping with the mandatory language of Section 12-16-15, `if any answer in the negative, the jury must be sent out for further deliberation.' Perry v. State, 56 Ala. App. 454, 322 So.2d 745 (1975); Ray v. State, 39 Ala. App. 257, 97 So.2d 594 (1957)."
 VI
Although the remarks of the assistant district attorney were improper and completely uncalled for, the trial judge immediately charged the jury to disregard. Consequently, there is a prima facie presumption against error. Favor v. State,389 So.2d 556, 561 (Ala.Cr.App. 1980). In view of the trial judge's instructions, the denial of the defendant's motion for a mistrial was not an abuse of discretion. Ingle v. State,400 So.2d 938, 941 (Ala.Cr.App. 1981).
 VII
The denial of the defendant's application for probation was entirely within the discretion of the trial judge and is not reviewable on appeal from the judgment of conviction. Roden v.State, 384 So.2d 1248, 1249 (Ala.Cr.App. 1980).
After a thorough review of the record and the arguments presented, we affirm the judgment of the circuit court.
AFFIRMED.
All Judges concur.