This is admittedly a close case, but I would affirm the judgment of the Court of Criminal Appeals for two reasons:
(1) That court, having examined the same record we have before us, determined that the trial judge did not coerce the jury into reaching a unanimous verdict of guilty.
(2) The trial judge, under the mandate of Code 1975, §12-16-15, and prior precedents, was duty bound to send the jury back for further deliberations once he determined, upon polling the jury, that the verdict returned was not the verdict of one of the jurors.
In Comer v. Rush, 403 So.2d 205, 207 (Ala. 1981), this Court held:
 "We note further that the defendant moved for a mistrial without first requesting that the court order further deliberations. Such a request is required as a condition precedent to a request for a mistrial, in keeping with the mandatory language of § 12-16-15, `if any answer in the negative, the jury must be sent out for further deliberation.' Perry v. State, 56 Ala. App. 454, 322 So.2d 745
(1975); Ray v. State, 39 Ala. App. 257, 97 So.2d 594
(1957)."
I cannot conclude that the trial judge's statement that he would "be back at 5:00 o'clock this afternoon" amounted to coercion to reach a unanimous verdict; consequently, I agree with the finding made by the Court of Criminal Appeals. *Page 1185