TYSON, Judge.
Hamidullah Abdur Rahman was charged by indictment with the first degree theft of over $1,000 in lumber, the property of Stringfellow Lumber Company, contrary to the provisions of § 13A-8-3, Code of Alabama 1975 as amended. At trial the jury found the appellant “guilty of theft in the first degree” as charged in the indictment. Thereafter, a sentencing hearing was conducted. The appellant was sentenced to three years’ imprisonment in the penitentiary but ordered to be given credit for all of his actual time spent incarcerated in the Jefferson County Jail pending trial. The appellant requested probation and, thereafter, the sentence was suspended and the appellant placed on probation for five years pending his good behavior. The appellant was also ordered to make restitution in the amount of $1,500, payable $50 per month to the circuit clerk.
Since the sole issue on appeal does not involve the facts of the case, such will not be set forth herein.
I
At the conclusion of trial in receiving the verdict from the jury, the following transpired: (R. 103-107).
*280 “MORNING SESSION
“(Whereupon, at 9:50 a.m., the jurors announced they had a verdict; the jurors were brought in the courtroom and the following was had and done before the Court and jury:)
“THE COURT: Good morning, everybody. The bailiff says you have reached a verdict; is that true?
“THE FOREMAN: Yes, sir.
“THE COURT: Would you read the verdict form, please, sir?
“THE FOREMAN: We the jury find the defendant guilty of first degree theft as charged in the indictment.
“THE COURT: As you know, we are going to inquire of each of you if this is your true verdict, because the verdict has to be unanimous. All you have to do is nod acquiescence if this is your true verdict.
“Is this your verdict? I hate to point at you—
“JUROR CHANCEY: I know. I mean, it is not my verdict, but I mean, to a point, it is questionable.
“THE COURT: It has to be your true verdict.
“JUROR CHANCEY: I know. I know. But I am letting you know how I feel about it.
“THE COURT: Well, I can’t accept the verdict under these circumstances. You will have to retire to the jury room and consider it some more.
“JUROR CHANCEY: I nodded two or three times.
“THE COURT: Well, I have to ask you if this is your true verdict individually.
“JUROR CHANCEY: I — I—I—okay.
“THE COURT: I have to ask you point blank: Are you convinced beyond a reasonable doubt that the defendant is guilty of theft in the first degree?
“JUROR CHANCEY: Not in the first degree.
“THE COURT: Well, the degree only pertains to the value of the lumber. I didn’t charge the jury on second degree or third degree theft. The degree only has reference to the value of the—
“JUROR CHANCEY: Okay. I will go with second — like second something—
“THE COURT: No, second degree is where the material would have a value of less than a thousand dollars. And we all agreed, the lawyers, everyone, that there was no question about the value element. “Stealing something worth between a hundred and a thousand dollars would be second degree theft. I didn’t charge on that, because there was no issue made about the value of the material, some fifteen hundred dollars. Third degree theft is less than one hundred dollars. The degree only has relevance to value. Are you convinced that the man stole the lumber without reference to its value? Are you convinced beyond a reasonable doubt that he is guilty of the theft of the lumber?
“JUROR CHANCEY: Well, since you put it that way, I have to go with—
“THE COURT: Just yes or no.
“JUROR CHANCEY: I — I—I—yes. I mean, as far as the amount, you know, what it takes as far as first degree.
“THE COURT: First degree, again, is a thousand dollars or more.
“JUROR CHANCEY: If you can’t go under that, I will go with guilty.
“THE COURT: The uncontroverted evidence was that it was some fifteen hundred dollars. Mr. Friel, there is no contention about the value of the lumber again; is that right?
“MR. FRIEL: No, sir. I think we are going to have to object to the verdict. I believe he stated unless—
“THE COURT: Well, we’ll get into that later. Let me keep going down the line.
Is this your true verdict, sir?
“(Whereupon, the jurors were polled and it was a unanimous verdict.)
“THE COURT: Now, I have forgotten your name.
“JUROR CHANCEY: Chancey.
“THE COURT: Mr. Chancey, do you understand that the verdict has to be unanimous?
“JUROR CHANCEY: Right.
“THE COURT: And so I am picking on you again.
“JUROR CHANCEY: Right.
“THE COURT: And I need a response, not an unequivocal response, but are you *281 convinced beyond a reasonable doubt that Mr. Rahman is guilty of the theft of the lumber from Stringfellow Lumber Company?
“JUROR CHANCEY: (Juror nodding). Okay.
“THE COURT: I see you nodding, but Walter has to write it down.
“JUROR CHANCEY: Yes, sir.
“THE COURT: You are?
“JUROR CHANCEY: Yes, sir.
“THE COURT: You are—
“JUROR CHANCEY: I nodded.
“THE COURT: I said nod, but then I have to come back and pick up with you and ask you some—
“JUROR CHANCEY: I mean, I was just, you know—
“THE COURT: I hate to pick on you.
“JUROR CHANCEY: I mean, you’re not —you’re not picking on me, that’s what we’re here for, you know, to give my true feelings.
“THE COURT: I understood you to say yes, you are convinced beyond a reasonable doubt that he is guilty of the theft of the lumber; is that true?
“JUROR CHANCEY: Right.
“THE COURT: I am through with you now, I won’t pick on you anymore.
“Now, I can only say to you thank you very much for your very careful deliberations. Off the record, Walter.
“(Whereupon, the jurors were dismissed ...)”
Appellant’s counsel calls attention to the provisions of § 12-16-15, Code of Alabama 1975 as amended and the case of Ray v. State, 39 Ala.App. 257, 97 So.2d 594 (1957) and asserts the foregoing colloquy as error.
The State of Alabama counters this argument by citing Comer v. Rush, 403 So.2d 205 (Ala.1981) and Howard v. State, 420 So.2d 828 (Ala.Crim.App.1982).
As noted in the above colloquy, Juror Chancey expressed some doubt as to the amount in controversy and the trial judge explained that this had to do with the degree of theft involved. Moreover, appellant’s counsel did not move the court to have the jurors return for further deliberation nor did he object nor move for a mistrial. Indeed, the trial judge, after giving an explanation as to the amount in controversy, then polled each juror and each juror expressed his belief that his verdict was his and it was, in fact, unanimous. This also, of course, included Juror Chancey.
In Howard v. State, 420 So.2d 828 (Ala.Crim.App.1982) at 833, this court stated:
“Because the defendant did not suggest that the trial judge order the jurors to retire and deliberate further, she cannot now be heard to complain that a mistrial was required. The language of Comer v. Rush, 403 So.2d 205, 207 (Ala.1981), controls.
‘(T)he defendant moved for a mistrial without first requesting that the court order further deliberations. Such a request is required as a condition precedent to a request for a mistrial, in keeping with the mandatory language of Section 12-16-15, “if any answer in the negative, the jury must be sent out for further deliberation.” Perry v. State, 56 Ala.App. 454, 322 So.2d 745 (1975); Ray v. State, 39 Ala.App. 257, 97 So.2d 594 (1957).’ ”
In view of the above holding and the record as shown, no error is here established. This cause is, therefore, due to be and the same is, hereby, affirmed.
AFFIRMED.
All the Judges concur.