111 So.2d 596

**William Claud WRIGHT**

v.

**STATE of Alabama.**

**8 Div. 947.**

Supreme Court of Alabama.

Oct. 16, 1958.

Rehearing Denied May 14, 1959.

132

E. B. Haltom, Jr., and Bradshaw & Barnett, Florence, for petitioner.

John Patterson, Atty. Gen., and Edmon L. Rinehart, Asst. Atty. Gen., opposed.

LIVINGSTON, Chief Justice.

Petitioner argues in support of his petition for certiorari to the Court of Appeals that the following statement of the Court of Appeals on rehearing [111 So.2d 595] is an erroneous statement of the law:

"Wright has applied for a rehearing asking us to reconsider mainly (1) our view of the joint criminal responsibility of Berness and Wright; and (2) that it was error not to have condemned the trial court's use (on page 593 of 111 So.2d) of: 'If you are satisfied * * * *beyond a reasonable doubt* that Mr. Wright was not driving * * * *.'* (Italics supplied.)

"As to the latter, we consider any error from the statement of the burden of the proof therein (to which Wright duly excepted) was cured by the giving of Wright's requested charge 17 and by the remainder of the oral charge fairly read with the given charges."

As we construe that part of the opinion of the Court of Appeals, it holds that an erroneous portion of the oral charge of the court is cured by the giving of a written charge requested by the defendant which correctly states the law, or, where a portion of the oral charge, when considered alone, is objectionable, it is cured if, when construed with the whole oral charge and written given charges, the objection is not apparent.

We do not agree that the giving of a correct written charge for the defendant cures a defect in a portion of the court's oral charge to the jury. Birmingham Railway, Light & Power Co. v. Seaborn, 168 Ala. 658, 53 So. 241; Terry v. Nelms, 256 Ala. 291, 54 So.2d 282.

We do agree that where a portion of the court's oral charge is erroneous, the whole charge may be looked to, and the entire whole charge must be construed together to see if there was reversible error. Wilson v. Vassar, 214 Ala. 435, 108 So. 250.

We have examined the entire oral charge, as we may do on petition for writ of certiorari to the Court of Appeals, and find that while that portion of the charge excepted to is somewhat vague and obscure, and probably erroneous, when it is construed and considered with the entire oral charge of the court, error to reverse is not apparent. Wilson v. Vassar, supra. See also Vol. 18A, Ala.Dig., Trials, &#8658;295(2), p. 648.

Writ denied.

LAWSON, STAKELY and MERRILL, JJ., concur.