TYSON, Judge.
Bobby Eugene Harris was indicted for theft in the second degree in violation of § 13A-8-4, Code of Alabama 1975. The jury found the appellant “guilty as charged in the indictment.” Following a habitual felony offender hearing, the trial judge sentenced the appellant to fifteen years’ imprisonment in the penitentiary.
A discussion of the facts in this case is not necessary since the facts are not relevant to the sole issue raised by this appellant on appeal.
I
During the trial court's oral charge to the jury, he stated:
“A reasonable doubt is not a vague or speculative or unsubstantial doubt. It is not a strained or a contrived doubt. It is the kind of doubt that would arise or does arise from the want, lack or insufficiency of the evidence offered by the state or evidence that comes from a totality of the testimony, including that, of course, that offered, if any, by the defendant.” (R. 107).
The appellant objects to the last statement of the above-quoted portion of the court’s oral charge. He asserts this is an improper comment by the trial judge on his failure to testify.
We do not agree with this contention. The trial judge in this instance was instructing the jury that a reasonable doubt may arise from the evidence presented by the State and also any evidence presented by the defendant. Reading this statement in this context, we do not find that it constitutes a comment on the appellant’s failure to testify. See Davis v. State, 352 So.2d 3 (Ala.Crim.App.), cert. denied, 352 So.2d 8 (Ala.1977). Furthermore, the trial judge instructed the jury that they should not draw any inference due to the fact that the appellant did not testify. (See R. 108).
The trial judge thoroughly instructed the jury on the presumption of innocence and the State’s burden of proof. Therefore, we find no error in the trial court’s oral charge to the jury.
This cause is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.