George Tony Gamble was indicted and convicted for the unlawful possession of phenmetrazine. He was sentenced to 25 years' imprisonment as a habitual offender. All five issues raised on appeal are without merit.
 I
The search of the defendant's car and the seizure of the pills and paraphernalia were proper.
On September 17, 1982, Adamsville police officer Tom Moon responded to a call from the dispatcher about three subjects "using needles up there in front of J's Drive-In." Upon arrival, he noticed the defendant and another man sitting in a car. The defendant was sitting in the right front seat and his door was open. In one hand, the defendant was holding a "little old silver pot-like thing with a little bitty handle on it" which contained "something white". In the other hand, the defendant was holding a cigarette lighter. Officer Moon observed a package of syringes on the front seat. He observed Mrs. Gamble walking toward the car with a jug of water which she poured in the radiator.
Jefferson County Sheriff's Deputies arrived. From outside the car they observed the defendant in the car with the small cup with "a white, dried substance in it." They observed syringes, a cigarette lighter, a knife and a spoon. One of the syringes had been used. In plain view on the front seat was a prescription container of Preludin issued to Mrs. Gamble. The two men were removed from the car, searched and arrested. After the search, the deputies discovered that the car was registered to the defendant and that there were outstanding warrants on the defendant and his wife.
At the time of the arrest, the deputies had probable cause to believe that the defendant was guilty of the illegal use and possession of a controlled substance.
The fact that the car was stopped and assumedly "broken down" did not require the police to obtain a search warrant. The police may search even an immobilized car if exigent circumstances existing at the time of its immobilization would have justified its immediate search. Chambers v. *Page 40 Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). See also Vogel v. State, 426 So.2d 882 (Ala. 1982), cert. denied,462 U.S. 1107, 103 S.Ct. 2456, 77 L.Ed.2d 1335 (1983). The deputies were lawfully present and had a prior, independent justification for being present at the point of observation.Illinois v. Andreas, 463 U.S. 765, 103 S.Ct. 3319,77 L.Ed.2d 1003 (1983); Coolidge v. New Hampshire, 403 U.S. 443, 446,91 S.Ct. 2022, 2027, 29 L.Ed.2d 564 (1971).
 "Generally, it does not constitute a `search' merely to observe what is in plain view."
* * * * * *
 "Similarly, a vehicle's exterior and much of its interior are within the plain view of the casual or purposeful onlooker, and thus are not protected by the Fourth Amendment from searching eyes. So, where officers approaching an automobile to make arrests observe items in plain view in the passenger compartment of the automobile, no search has occurred, and thus there has been no violation of Fourth Amendment rights." 68 Am.Jur.2d Searches and Seizures § 23 (1973).
 II
The defendant argues that since his wife was lawfully in possession of the drugs, since she had a doctor's prescription, "then the possession for any member of her household is lawful." Appellant's Brief, p. 11.
This contention must be rejected as completely absurd. Here, there was evidence that the defendant was not only in possession of his wife's prescription drugs but was actually using them. One who illegally possesses or uses a controlled substance may not claim an immunity in the rightful possession of another.
 III
The trial judge charged the jury that the law did not sanction the use of fraud, deceit, or misrepresentation in order to obtain a drug. The defendant argues that this was a comment on the evidence because he was only charged with simple possession of a controlled substance.
The defendant's wife testified that these drugs had been prescribed for her to help her with her weight and that she had been using them for the past three or four years. She stated that the instructions called for one tablet after breakfast but that she injected one or two a day after melting them. Mrs. Gamble also testified that her husband did not use the drugs and was opposed to her using them. Mrs. Gamble admitted a prior felony conviction for violating the Controlled Substances Act.
The trial judge charged the jury, in effect, that it was illegal to obtain drugs by fraud and he also instructed the jury that the defendant was charged with possession and not with obtaining the drugs. Although this comment should not have been made, it does not constitute a comment on the evidence.
Each case of allegedly improper remarks by a trial judge must be judged on its own peculiar facts. Oglen v. State,440 So.2d 1172, 1175-76 (Ala.Cr.App.), cert. denied, Ex parte Oglen,440 So.2d 1177 (Ala. 1983); James v. State, 337 So.2d 1332, 1341
(Ala.Cr.App. 1976). Here, the trial judge merely stated a correct proposition of law. Construing the entire charge as a whole, Wright v. State, 269 Ala. 131, 132, 111 So.2d 596
(1958), we find no error to cause a reversal. "The entire charge must be considered and if upon the whole no prejudice to defendant intervened no reversal should be entered." Mosley v.State, 241 Ala. 132, 136, 1 So.2d 593 (1941). "[T]he portion of the charge here excepted to should be construed in connection with the whole charge of the court." Ex parte Cowart, 201 Ala. 525,526, 78 So. 879 (1918). "It cannot be seriously contended that every expression of opinion by the court, during the progress of the trial, if erroneous, shall furnish ground for reversal." Lang v. State, 279 Ala. 169, 170, 182 So.2d 899
(1966). "While a particular remark by the *Page 41 
trial judge may be open to question, in order for it to amount to the grossly improper error requiring reversal, it must have influenced the result of the case." Lokos v. State,434 So.2d 818, 823 (Ala.Cr.App. 1982), affirmed, Ex parte Lokos,434 So.2d 831 (Ala. 1983); McCovery v. State, 365 So.2d 358
(Ala.Cr.App. 1978). The judge's comment in this case does not rise to that level. Oglen, 440 So.2d at 117.5-76.
 IV
The defendant requested the trial judge to charge the jury that "if you are convinced from the evidence that the drugs were for the use of Joyce Gamble only, you may not convict the Defendant." This requested charge was properly refused for the same reasons we rejected a similar defense in Issue II of this opinion.
The defendant received a fair trial. The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.