This appeal follows a conviction for the offense of robbery in the first degree, in violation of § 13A-8-41, Code ofAlabama (1975), and a sentence of life imprisonment without parole as a habitual felony offender. For the reasons outlined below, we affirm.
Briefly stated, the evidence involved two separate robbery cases which were consolidated for trial. The evidence tended to show that on January 17, 1985, the appellant, along with a female companion, entered the "Sav-Mor" Store and picked up a package of coffee. When the clerk opened up her register to ring up the sale, however, the appellant pointed what appeared to be a gun toward the clerk and ordered her to go to a back room.[1] The appellant took money from the register and left with his female companion. *Page 799 
The second incident occurred on January 26, 1985, when the appellant went to the Pratt City Package Store, ostensibly to purchase a soft drink. When the clerk opened her cash register, the appellant shoved her aside and made her lie on the floor while he took money from the register. The clerk testified that the appellant's hand was in a sack and that there appeared to be a gun in the sack.
The sole issue raised by this appeal is stated as follows: "Was the appellant's privilege not to testify abridged by instructions to the jury concerning unexplained, uncontroverted and unrefuted testimony presented by the State?" At trial, defense counsel took exception to that part of the jury charge wherein the trial court explained the concept of "prima facieevidence" to the jury.[2] Defense counsel objected and stated that the following comments made by the trial court were a reference to the "failure of the defendant [to] testify":
 "Prima facie evidence means evidence which if unexplained or uncontroverted is sufficient to sustain or establish a given fact or a chain of facts or a necessary element. . . . [Y]ou have to look at the facts and see [if] there [is] any explanation about this, is it unexplained, or is it contradicted. . . ."
According to the appellant, because he was the only person who could "give evidence to refute the facts presented by the State," the trial court's comments were a direct and improper reference to his failure to testify.[3]
In a case which is factually similar to the case sub judice, this court concluded that no improper reference to the defendant's failure to testify was made in the trial court's oral charge to the jury. Harris v. State, 457 So.2d 465
(Ala.Cr.App. 1984). In Harris, the trial court, in explaining the concept of "reasonable doubt" to the jury, instructed the jury that they should consider the "totality of the testimony" in their deliberations and that this would include testimony offered "if any, by the defendant." Id. at 466. Defense counsel in Harris objected and argued that the trial court's statement constituted an improper comment on his failure to testify at trial. In concluding that the trial court's instructions were proper, this court in Harris reasoned as follows:
 "We do not agree with [the appellant's] contention. The trial judge in this instance was instructing the jury that a reasonable doubt may arise from the evidence presented by the State and also any evidence presented by the defendant. Reading this statement in this context, we do not find that it constitutes a comment on the appellant's failure to testify. See Davis v. State, 352 So.2d 3 (Ala.Cr.App.), cert. denied, 352 So.2d 8 (Ala. 1977). Furthermore, the trial judge instructed the jury that they should not draw any inference due to the fact that the appellant did not testify." Id.
When the trial court's instructions in the case sub judice are read "in context" it is apparent that the statements cannot be *Page 800 
construed as an improper comment on the appellant's failure to testify.[4]
In the present case, the remarks made by the trial court in instructing the jury did not constitute reversible error. It is apparent that the statements were made in an attempt to define, in a proper manner, a legal concept for the jury.[5] The isolated phrases did not reflect improperly on the appellant's failure to testify. As this court, per Presiding Judge Bowen, recently explained in Gamble v. State, 480 So.2d 38, 40-1 (Ala.Cr.App. 1985):
 "Each case of allegedly improper remarks by a trial judge must be judged on its own peculiar facts. [Citations omitted]. Here, the trial judge merely stated a correct proposition of law. Construing the entire charge as a whole, we find no error to cause a reversal. [Citation omitted.] `The entire charge must be considered and if upon the whole no prejudice to defendant intervened no reversal should be entered.' [Citation omitted.] `[T]he portion of the charge here excepted to should be construed in connection with the whole charge of the court.' [Citation omitted.] `It cannot be seriously contended that every expression of opinion by the court, during the progress of the trial, if erroneous, shall furnish ground for reversal.' [Citation omitted.] `While a particular remark by the trial judge may be open to question, in order for it to amount to the grossly improper error requiring reversal, it must have influenced the result of the case.' [Citations omitted.] The judge's comment in this case does not rise to that level. [Citation omitted]."
Here as in Gamble, the remarks objected to (even if, arguendo, they were questionable), did not influence the outcome or result of the case. "`Remarks by the trial judge may be open to criticism, but they are not error unless they have affected the result of the trial.'" Cox v. State, 489 So.2d 612 (Ala.Cr.App. 1985), quoting McCovery v. State, 365 So.2d 358, 362
(Ala.Cr.App. 1978). The statement, when considered with the jury charge as a whole, does not rise to the improper level as argued by the appellant.[6]
AFFIRMED.
All the Judges concur.
[1] The clerk testified that she thought that the appellant was holding a gun because his hand was wrapped with a dark gray cloth.
[2] On appeal, additional exception is also taken to the trial court's statement explaining to the jury the significance of determining whether the store clerks "reasonably believed" that the appellant was armed with a "deadly weapon or a dangerous instrument." The trial court informed the jury that it should consider "whether there is any evidence either at one convenience store or the other convenience store that would refute or contradict or rebut any reasonable belief of the verbal or other representation." Because defense counsel did not except or object to this portion of the trial court's charge to the jury, this issue has not been reserved for appellate review. Additionally, for the reasons discussed in the main body of this opinion, the trial court's statements did not constitute an improper reference to the failure of the appellant to testify at trial.
[3] The statutory prohibition against the making of any comment "concerning the defendant's failure to testify" is codified in § 12-21-220, Code of Alabama (1975). Because this code section applies only to comments made by "counsel," (in particular the "district attorney"), the statute would not prohibit the trial court from commenting on the failure of the defendant to testify. Holt v. State, 46 Ala. App. 555, 557, 246 So.2d 85, 87
(Ala.Cr.App. 1971).
[4] The primary distinction between Harris and the instant case is the fact that the trial court in Harris instructed the jury that an inference should not be drawn from the fact that the appellant did not testify. In the present case, although defense counsel objected to the statements made by the trial court as an improper comment on the defendant's failure to testify, there was no request by defense counsel for a jury charge which would have directly addressed the issue. If, as defense counsel argues, the statements were improper, defense counsel could have requested instructions on the inference to be drawn by the jurors from the failure of the defendant to take the stand. For whatever reason, however, this request was not made.
[5] In fact, when they are considered "in context," it is overwhelmingly apparent that the statements made by the trial court were proper. The trial court's statements did not refer to the State's presentation of evidence as "uncontroverted" or "unrefuted." Instead, the trial court, in instructing the jury, simply explained that if the State presented certain primafacie evidence, then the jury could make a particular legal
conclusion. The objected to portion of the jury charge occurred while the trial court was explaining the legal concept of"prima facie" evidence. There was no statement or implication from the trial court that the State had actually presentedprima facie evidence of a particular element of the offense.
[6] In a recent case, the Alabama Supreme Court concluded that a statement made by the State's Attorney during closing argument ("I submit if [there] had been medication he would have shown it to you") was not a "comment on the defendant's failure to testify." Ex parte Wilhite, [Ms. 84-1082, February 14, 1986]485 So.2d 787 (Ala. 1986). The Court reasoned that the defendant "could have produced evidence to refute the State's comment other than by calling himself as a witness" and explained as follows:
"`While the State may not call attention to a defendant's failure to testify it may expose the failure of the defendant to produce other exculpatory evidence. Before the State's comment will be interpreted as an improper comment upon the failure of the defendant to testify, there must be virtually direct reference to the defendant alone as the individual who has not become a witness. Robinson v. State, Ala. Cr. App., 352 So.2d 11, cert. denied, Ala. 352 So.2d 15 (1977); and cases cited therein; § 12-21-220, Code of Alabama 1975.'" Quoting Griffin v. State, 393 So.2d 523, 528 (Ala.Cr.App. 1981). Here, as in Wilhite, the statements made by the trial court cannot be interpreted as an "improper comment upon the failure of the defendant to testify," because the statements were not a "direct reference" to the defendant as the individual who did not testify. *Page 801