TAYLOR, Judge.
Appellant Harvey Watson was charged with second degree rape and second degree sodomy of his stepdaughter. At trial, the court excluded the sodomy charge and the state proceeded on the rape charge. Watson was convicted of second degree rape and was sentenced to seven years’ imprisonment. On appeal he contends that the court erred to reversal in its charge to the jury-
During the oral charge to the jury, the court stated:
“One thing I neglected to tell you and it is important, because of the way the law is, the State has alleged that this was a continuing act and it occurred on several or a number of occasions. The incident that we are concerned with and what the State must prove is the incident which occurred on the Tuesday before the complaint filed by Miss Watson.
“Any questions?
“(No audible response.)” (emphasis supplied)
On appeal Watson contends that the portion of the charge which says “the incident which occurred” amounted to reversible error because it assumes the incident did in fact occur. Appellant contends it was not only error, but gross error and judicial misconduct, subject to reversal on appellate review. There was no objection made following the statement.
Rule 14, Alabama Temporary Rules of Criminal Procedure, states, in pertinent part:
“No party may assign as error the court’s giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge, unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection.”
Unless allegedly prejudicial remarks by a trial court are objected to, the remarks are not subject to review, except when they are grossly improper. Miles v. State, 476 So. 2d 1228, 1235 (Ala.Cr.App.1985); Lokos v. State, 434 So.2d 818, 823 (Ala.Cr.App.1982), aff’d, 434 So.2d 831 (Ala.1983). For a particular remark to constitute grossly improper error requiring reversal, it must have influenced the result of the case. Lo-kos, 439 So.2d at 823. We determine the court’s language to be no more than an inadvertence.
The court further charged the jury:
“This is a criminal case, and as such the defendant is presumed to be innocent of the offense of which he is charged. The presumption of innocence attends him as a matter of evidence throughout the course of the trial and is sufficient in and of itself to authorize his acquittal. The State must satisfy you of his guilt beyond a reasonable doubt, and that is the burden that the State has in this and in every criminal case.”
Even in the same sentence where the allegedly erroneous statement was made the judge stated “the state must prove ... the incident.” (emphasis supplied)
The court’s jury charge must be considered in its entirety. Gamble v. State, 480 So.2d 38, 40 (Ala.Cr.App.1985). When considered as a whole, the court’s charge to the jury correctly set forth the elements of the crime charged, set forth the presumption of the defendant’s innocence, and placed the burden of proof on the state. We do not find any error to have occurred. The instructions the court gave to the jury were correct and fair statements of law. It *881 is desirable that the court refer to the “alleged” crime or the “alleged” incident, or the incident “which the state contends took place.” However, it is unlikely that, in a long oral charge to the jury, the court will always and in every instance qualify its references to the alleged crime by such characterization. The omission in this case was not even noticed by the court or the attorneys. Such a slip of the tongue is not the legal equivalent of a directed verdict and would not, standing alone, constitute reversible error. The charge, taken as a whole, does not direct the jury to find that the alleged rape took place. There is no reason to suspect that the jury failed to follow the charge as to the burden of proof or measure of proof.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
All the Judges concur.