The appellant was convicted of attempted murder, in violation of § 13A-6-2, Code of Alabama 1975, and of reckless endangerment, in violation of § 13A-6-24, Code of Alabama 1975. He was sentenced to 60 years' imprisonment on the attempted murder conviction and 1 year's imprisonment on the reckless endangerment conviction, both terms to run concurrently.
The appellant contends that the trial court erred in denying his challenge for *Page 41 
cause of juror J.S. The following occurred during voir dire:
 "(During Myers's [district attorney] questioning of the jury panel the following proceedings were had in the presence of but out of the hearing of the jury.)
"THE COURT: Good morning.
 "JUROR [J.S.]: Good morning. I just want to let y'all know I am totally against handguns, discharging or attempting to discharge in any way, form, or fashion. And anything, you know, anybody using those, I just feel like everything should be thrown at them.
 "THE COURT: Would you include police discharging handguns?
 "THE JUROR: Well, they're serving under the law. I'm talking about, you know, private citizens.
 "[District attorney]: What was your name, please sir?
"THE JUROR: J.S.
"[Defense counsel]: Could I ask him a question?
"THE COURT: Sure.
 "[Defense counsel]: What if it was policemen who were off duty that [were] not serving at that time?
 "THE JUROR: I'm not sure a police officer or a state trooper or a sheriff [is] ever off duty.
". . . .
 "[Defense counsel]: Judge, I've got one other question.
 "If a person was shown to possess a pistol, whether they used it or not, in a public place, would you feel that they were — would you find them guilty based on that? Would your feeling be so intense?
 "THE JUROR: It's my understanding that you can't, you know, unless you're an officer you can't show a pistol, that you have to have your license.
 "[Defense counsel]: But that's not my question. My question is: If there was evidence that a person possessed a pistol in a public place, would your feeling against that be so intense that you would find them guilty based on that?
 "THE JUROR: I would say in a public place, other than an officer, that I would consider it intimidating to say the least.
 "MRS. BROWN: Okay. Well, would you, in disregard of other evidence, find the person guilty based on that or do you —
"THE COURT: Of what?
 "[Defense counsel]: Well, we're talking about attempted murder, Judge, anything. Would you use the fact that the person had a gun or presented a gun?
 "THE JUROR: In a situation like if he's in a bar or something and a guy shows a gun and later one, you know, he's suspected of abusing it, I mean, you know, that's obvious and to me, you know, it would be in my mind that that gun might have been used.
 "[Defense counsel]: Is your opinion so fixed that just — what you've just stated would be enough to convict for attempted murder?
 "THE JUROR: I don't know the particulars of the case, so the only thing I'm saying is that, you know, that's my stand on it. I don't know.
 "[Defense counsel]: Well, are you saying, though, that you would have a fixed opinion against —
 "THE JUROR: I'm saying I have a fixed opinion against, you know, small arms.
"MRS. BROWN: Judge, we challenge for cause.
 "THE COURT: Denied. He's indicated by his testimony and the way he answered and demeanor and all that he would be able to decide the case based upon the evidence."
The grounds for striking a prospective juror for cause are found in § 12-16-150, Code of Alabama 1975. Section 12-16-150
provides, in pertinent part: "It is good ground for challenge of a juror by either party . . . [t]hat he has a fixed opinion
as to the guilt or innocence of the defendant which would bias his verdict." (Emphasis added.) Hence, the dispositive issue presented is whether the prospective juror had such a "fixed opinion" as to interfere with his ability to reach a fair verdict.
In Siebert v. State, 562 So.2d 586, 595-96 (Ala.Cr.App. 1989), aff'd, 562 So.2d 600 (Ala. 1990), cert. denied, ___ U.S. ___,111 S.Ct. 398, 112 L.Ed.2d 408 (1990), this Court stated: *Page 42 
 " 'To disqualify a prospective juror, he must have more than a bias, or fixed opinion, as to the guilt or innocence of the accused. Such opinion must be so fixed as that it would bias the verdict a juror would be required to render. Hammil v. State, 90 Ala. 577, 8 So. 380.' McCorvey v. State, 339 So.2d 1053, 1057 (Ala.Cr.App.), cert. denied, 339 So.2d 1058 (Ala. 1976). 'A "fixed opinion" which will bias a verdict is one that is a conviction or prejudgment, a strong or deep impression which closes the mind of a juror and combats the testimony and resists its force.' Nobis v. State, 401 So.2d 191, 197 (Ala.Cr.App.), writ denied, 401 So.2d 204 (Ala. 1981).
 " '[A] proper challenge for cause exists only when a prospective juror's opinion or bias is so fixed that he or she could not ignore it and try the case fairly and impartially according to the law and the evidence. See Sparks v. State, 450 So.2d 188 (Ala.Cr.App. 1984); Clark v. State, 443 So.2d 1287 (Ala.Cr.App. 1983); Gwin v. State, 425 So.2d 500 (Ala.Cr.App. 1982), writ quashed, 425 So.2d 510 (Ala. 1983). Further, . . . a trial court's ruling on a challenge for cause based on bias is entitled to great weight and will not be disturbed on appeal unless there is a clear showing of an abuse of discretion by the trial court. See Price v. State, 383 So.2d 884
(Ala.Cr.App.), cert. denied 383 So.2d 888
(Ala. 1980); Motes v. State, 356 So.2d 712
(Ala.Cr.App.), cert. denied, 356 So.2d 720
(Ala. 1978).'
 "Ex parte Rutledge, 523 So.2d 1118, 1120
(Ala. 1988)."
Here, the trial judge failed to elicit from the prospective juror whether he could lay aside his "fixed opinion" and return a verdict based on the evidence presented. Thus, this case is due to be reversed and remanded for a new trial.
REVERSED AND REMANDED.
All Judges concur.