The appellant, Anthony Bernard Holliday, was found guilty of the unlawful sale of marijuana. He was sentenced as a habitual offender to life imprisonment.
 I.
The appellant asserts that the trial court erred by granting the State's challenge for cause of a prospective juror without allowing questioning to determine if the potential juror could be fair and impartial. The State challenged a prospective juror because her son had pleaded guilty to a drug crime earlier in the week of the appellant's trial. He was represented by the appellant's attorney. The trial court granted the State's challenge; defense counsel objected.
The following exchange took place during voir dire:
"THE COURT: Are there any challenges for cause by the State?
 "MS. BALDWIN [Prosecutor]: Judge, [potential juror] when we first struck the jury the other day, she said she would be reluctant and couldn't put it out of her mind on a drug case. She didn't respond today. It was her son we dealt with and she did say that the very first day when we had voir dire.
"MR. KIDD [Prosecutor]: She had a son on the docket.
 "MR. REID [appellant's attorney]: Judge, my understanding is she didn't think she could be fair in her son's case.
"THE COURT: That's what she said.
"MS. BALDWIN: Well, I made a note that — you know.
 "THE COURT: She has tried her best to get off and properly so. Her son, I believe, is charged with basically the same thing and he's also represented by you, Mr. Reid.
"MR. REID: Oh, indigently. *Page 535 
 "THE COURT: I understand. Regardless of what her answer is, I don't see how [potential juror] could be a fair and impartial juror in the same type of case as her son just pled guilty to and represented by the same lawyer. Ms. S. will be excused.
 "MR. REID: If on the record I could have an exception to that.
"THE COURT: Sure."
According to the appellant, the striking of Jurors for cause was improper because there had been no finding based upon further questioning that she could not be fair and impartial in the appellant's trial.
The trial judge is given much discretion in determining whether a potential juror should be struck for cause. According to Rule 18.4(e), Ala.R.Crim.P.:
 "When a prospective juror is subject to challenge for cause or it reasonably appears that the prospective juror cannot or will not render a fair and impartial verdict, the court, on its own initiative or on motion of any party, shall excuse that juror from service in the case."
Although § 12-16-150, Ala. Code 1975, lists twelve "good ground[s] for challenge of a juror by either party," the trial judge may remove a potential juror if probable prejudice exists, even if none of the statutory grounds apply. Motes v. State, 356 So.2d 712,718 (Ala.Crim.App. 1978). The trial judge's discretion, however, is not unlimited. This Court stated in Clark v. State,621 So.2d 309, 321 (Ala.Crim.App. 1992):
 "[W]hile the statutory grounds for challenges of jurors for cause enumerated in § 12-16-150, Code of Alabama 1975, are not all inclusive, there must be some ground that indicates probable prejudice in order to disqualify a prospective juror. Collins v. State, 385 So.2d 993, 999-1000
(Ala.Crim.App. 1979), reversed on other grounds, 385 So.2d 1005
(Ala. 1980). Where the ground is nonstatutory, it must be `some matter which imports absolute bias or favor, and leaves nothing to the discretion of the trial court.' Nettles v. State, 435 So.2d 146, 149 (Ala.Crim.App.), affirmed, 435 So.2d 151 (Ala. 1983). . . ."
Furthermore, in order to determine whether the trial judge's exercise of discretion was proper, this Court will look to the questions directed to and answers given by the prospective juror on voir dire. Ex parte Cochran, 500 So.2d 1179 (Ala. 1985).
The facts behind this potential juror's removal for cause, however, do not show that she was absolutely biased and did not give discretion to the trial judge to remove her from the jury without questioning her about any potential bias. In Minshew v.State, 542 So.2d 307 (Ala.Crim.App. 1988), a prospective juror was removed for cause because her brother had been convicted for robbery in a case prosecuted by the same district attorney who was prosecuting Minshew. This court held that the granting of the challenge for cause was error because the juror had never been questioned personally about her potential bias or about whether she could put aside any bias and be fair and impartial. We stated:
 "Ms. Arnold was neither asked about nor expressed any personal feelings about Minshew, the district attorney's office, or her brother. For all we know, she could have been the victim of the robbery her brother committed, or she could have disliked her brother for any number of reasons and harbored no animosity or resentment against the district attorney's office for prosecuting him. The fact that a veniremember's brother was convicted of a crime by the prosecutor does not, in and of itself, constitute either a statutory or a common-law challenge for cause. Code of Alabama 1975, § 12-16-150. See Ex parte Nettles, 435 So.2d 151, 152-53 (Ala. 1983) (employment of venire member by victim does not give rise to implied bias as a matter of law and does not constitute automatic disqualification); Poellnitz v. State, 48 Ala. App. 196, *Page 536 
199-200, 263 So.2d 181 (1972) (robbery victim is not necessarily disqualified as a juror in a burglary trial.)"
542 So.2d at 309. Not only must the trial court determine through questioning that the prospective juror is biased; but even if the prospective juror is biased, the trial court must determine whether he or she can "lay it aside, follow the court's instructions, and render an impartial verdict." Id.
 In Siebert v. State, 562 So.2d 586, 595-96 (Ala.Crim.App. 1989), aff'd, 562 So.2d 600 (Ala. 1990), cert. denied, 498 U.S. 963, 111 S.Ct. 398, 112 L.Ed.2d 408 (1990), this Court stated:
 "`"To disqualify a prospective juror, he must have more than a bias, or fixed opinion, as to the guilt or innocence of the accused. Such opinion must be so fixed as that it would bias the verdict a juror would be required to render. Hammil v. State, 90 Ala. 577, 8 So. 380." McCorvey v. State, 339 So.2d 1053, 1057 (Ala.Crim.App.), cert. denied, 339 So.2d 1058 (Ala. 1976). "A `fixed opinion' which will bias verdict is one that is a conviction or prejudgment, a strong or deep impression which closes the mind of a juror and combats the testimony and resists in force." Nobis v. State, 401 So.2d 191, 197
(Ala.Crim.App.), writ denied, 401 So.2d 204 (Ala. 1981).
 "`[A] proper challenge for cause exists only when a prospective juror's opinion or bias is so fixed that he or she could not ignore it and try the case fairly and impartially according to the law and the evidence. See Sparks v. State, 450 So.2d 188
(Ala.Crim.App. 1984); Clark v. State, 443 So.2d 1287
(Ala.Crim.App. 1983); Gwin v. State, 425 So.2d 500
(Ala.Crim.App. 1982), writ. quashed, 425 So.2d 510
(Ala. 1983). Further, . . . a trial court's ruling on a challenge for cause based on bias is entitled to great weight and will not be disturbed on appeal unless there is a clear showing of an abuse of discretion by the trial court. See Price v. State, 383 So.2d 884 (Ala.Crim.App.), cert. denied, 383 So.2d 888 (Ala. 1980); Motes v. State, 356 So.2d 712 (Ala.Crim.App.), cert. denied, 356 So.2d 720 (Ala. 1978)."
"Ex parte Rutledge, 523 So.2d 1118, 1120 (Ala. 1988)."
Black v. State, 596 So.2d 40, 41 (Ala.Crim.App. 1991) ("the trial judge failed to elicit from the prospective juror whether he could lay aside his `fixed opinion' and return a verdict based on the evidence presented." Id.) See also Forehand v. State, 624 So.2d 688,695-96 (Ala.Crim.App. 1993) ("[In] the absence of any follow-up questioning of Juror 118, the appellant failed to establish the juror's probable prejudice and the trial court correctly denied the challenge for cause." Bowen, Judge, concurring.).
The trial judge in this case did not question the potential juror or allow either party to question this potential juror as to any prejudice she may have harbored against either side. Without questioning this potential juror directly, the trial court had no indication of what her feelings were toward the district attorney's office, towards her son's and the appellant's attorney, or toward the appellant. In this case, as in Minshew, the prospective juror was not questioned about the effects of any possible prejudice; therefore, the appellant's conviction is due to be reversed and the cause remanded for further proceedings.
REVERSED AND REMANDED.
LONG, P.J., and COBB, BASCHAB, and FRY, JJ., concur. *Page 1219