The appellant, Aaron Evans, was convicted of one count of second-degree possession of a forged instrument, a violation of §13A-9-6, Ala. Code 1975, seven counts of illegal absentee voting, a violation of § 17-10-17, Ala. Code 1975, and seven counts of second-degree forgery, a violation of § 13A-9-3, Ala. Code 1975. For the second-degree possession of a forged instrument conviction, the appellant was sentenced to 10 years' imprisonment. That sentence was split, and he was ordered to serve two years' imprisonment, followed by five years' probation. For each of the illegal absentee-voting convictions, he was sentenced to two years' imprisonment. Additionally, for each of the second-degree forgery convictions, he was sentenced to 10 years' imprisonment. These sentences were split, and he was ordered to serve two years' imprisonment, followed by five years' probation. All of the sentences are to run concurrently. Because we must reverse on a jury-selection issue, it is unnecessary to set forth an extensive rendition of the facts. Therefore, we will present only those facts relevant to the issues we address.
 I.
The appellant contends that the trial court erroneously granted the State's challenge for cause of prospective juror E.F.W. While we are reluctant to reverse the appellant's convictions because of the disturbing details of this case, we agree that the appellant's constitutional right to a fair trial was violated.
Voir dire questioning revealed that E.F.W.'s nephew was defense counsel for the appellant. The State then challenged E.F.W. for cause. With no further information concerning whether E.F.W. could be fair and impartial, the trial court granted the prosecutor's challenge for cause, and the defense objected.
During voir dire, the following transpired: *Page 407 
 "THE COURT: Are any of you related by blood or marriage to Mr. Evans's attorneys? That would be Mr. Chestnut, Mr. Pettaway, Mr. Turner?
"(no response.)
"THE COURT: Mr. Wiggins? [defense counsel][1]
"(The following occurred outside the hearing of the jury.)
"[Juror E.F.W.]: [Juror E.F.W.]
"THE COURT: How are you related to Mr. Wiggins?
"[Juror E.F.W.]: He's a nephew by marriage.
"THE COURT: So if you would tell me how that works.
"[Juror E.F.W.]: I married his uncle.
"THE COURT: Thank you, ma'am. . . ."
(R. 48.)
Additionally, the following exchange took place during voir dire:
 "THE COURT: [Juror E.F.W.], who is Mr. Wiggins's aunt by marriage.
"MR. BIGGS [prosecutor]: We do challenge her for cause.
 "MR. CHESTNUT [defense counsel]: That's a lawyer. It's not a party.
 "THE COURT: That's the question. Is anybody related by blood or marriage to the attorneys.
 "MR. CHESTNUT: Is that grounds for challenge, if they were within the second kinship to a party, not a lawyer.
 "MR. PETTAWAY [defense counsel]: Let me say this. I think Mr. Chestnut and Mr. Turner are saying that they don't think that the lawyers are included in that kinship, degree of kinship. To be honest I haven't completely resolved that issue because it's always been asked. I have just assumed. An assumption is a bad thing to do. They may be right on that.
 "THE COURT: I think it goes to the basic qualifications of the venire. I mean that's the qualification. Are you related by blood or marriage to anybody sitting up here in the trial? I mean, you know, I can't cite you the statute. . . .
". . . .
 "THE COURT: I'm going to grant the State's challenge on E.F.W., who I believe is closely related enough to Mr. Wiggins. That is a basic qualification of this venire. Is anybody related by blood or marriage to the parties.
"MR. CHESTNUT: We object."
(R. 54-56.)
Section 12-16-150(4), Ala. Code 1975, states:
 "It is good ground for challenge of a juror by either party . . . [t]hat he is connected by consanguinity within the ninth degree, or by affinity within the fifth degree, computed according to the rules of the civil law, either with the defendant or with the prosecutor or the person alleged to be injured."
In Howard v. State, 420 So.2d 828 (Ala.Cr.App. 1982), this Court stated:
 "It is not ground for challenge for cause that a juror is related to counsel in a criminal case. Washington v. State, 58 Ala. 355 (1877). That a juror is related to the district attorney or to the prosecuting attorney is no ground for challenge for cause. Frost v. State, 225 Ala. 232, 142 So. 427 (1932). As used in Alabama Code 1975, Section 12-16-150, `prosecutor' means `one who instigates prosecution by making an affidavit charging a named person with the commission of a penal offense, on which a warrant is issued, or an indictment or accusation is based.' Wright v. State, *Page 408 40 Ala. App. 263, 269, 111 So.2d 588, cert. denied, 269 Ala. 131, 111 So.2d 596 (1958). `Prosecutor' as used in the statute containing the statutory challenges for cause does not mean the district attorney prosecuting the accused. Acoff v. State, 50 Ala. App. 206, 278 So.2d 210 (1973)."
Howard v. State, 420 So.2d at 831. See also Ellington v. State,512 So.2d 802 (Ala.Cr.App. 1987); Logan v. State, 251 Ala. 441,443, 37 So.2d 753, 754 (Ala. 1948) (citing Ala. Code 1940, Tit. 30, § 55); Howard v. State, 9 Ala. App. 74, 75, 63 So. 753 (1913) (citing Ala. Code 1907, § 7276).
In Holliday v. State, 751 So.2d 533 (Ala.Cr.App. 1999), this Court recently stated:
 "The trial judge is given much discretion in determining whether a potential juror should be struck for cause. According to Rule 18.4(e), Ala.R.Crim.P.:
 "`When a prospective juror is subject to challenge for cause or it reasonably appears that the prospective juror cannot or will not render a fair and impartial verdict, the court, on its own initiative or on motion of any party, shall excuse that juror from service in the case.'
 "Although § 12-16-150, Ala. Code 1975, lists 12 `good ground[s] for challenge of a juror by either party,' the trial judge may remove a potential juror if probable prejudice exists, even if none of the statutory grounds apply. Motes v. State, 356 So.2d 712, 718 (Ala.Cr.App. 1978). The trial judge's discretion, however, is not unlimited. This Court stated in Clark v. State, 621 So.2d 309, 321 (Ala.Cr.App. 1992):
 "`[W]hile the statutory grounds for challenges of jurors for cause enumerated in § 12-16-150, Code of Alabama 1975, are not all inclusive, there must be some ground that indicates probable prejudice in order to disqualify a prospective juror. Collins v. State, 385 So.2d 993, 999-1000 (Ala.Cr.App. 1979), reversed on other grounds, 385 So.2d 1005
(Ala. 1980). Where the ground is nonstatutory, it must be "some matter which imports absolute bias or favor, and leaves nothing to the discretion of the trial court." Nettles v. State, 435 So.2d 146, 149
(Ala.Cr.App.), affirmed, 435 So.2d 151 (Ala. 1983). . . .'
 "Furthermore, in order to determine whether the trial judge's exercise of discretion was proper, this Court will look to the questions directed to and answers given by the prospective juror on voir dire. Ex parte Cochran, 500 So.2d 1179
(Ala. 1985).
 "The facts behind this potential juror's removal for cause, however, do not show that she was absolutely biased and did not give discretion to the trial judge to remove her from the jury without questioning her about any potential bias. . . . Not only must the trial court determine through questioning that the prospective juror is biased; but even if the prospective juror is biased, the trial court must determine whether he or she can `lay it aside, follow the court's instructions, and render an impartial verdict.' [Minshew v. State, 542 So.2d 307, 309 (Ala.Cr.App. 1988), overruled on other grounds, Ex parte Gentry, 689 So.2d 916
(Ala. 1996)].
 "`In Seibert v. State, 562 So.2d 586, 595-96
(Ala.Cr.App. 1989), aff'd, 562 So.2d 600 (Ala. 1990), cert. denied, 498 U.S. 963, 111 S.Ct. 398, 112 L.Ed.2d 408 (1990), this Court stated:
 "`"`To disqualify a prospective juror, he must have more than a bias, or fixed opinion, as to the guilt or innocence of the accused. Such opinion must be so fixed as that it would bias the verdict a juror would *Page 409 
be required to render. Hammil v. State, 90 Ala. 577, 8 So. 380 [(Ala. 1890)].' McCorvey v. State, 339 So.2d 1053, 1057 (Ala.Cr.App.), cert. denied, 339 So.2d 1058 (Ala. 1976). `A "fixed opinion" which will bias [a] verdict is one that is a conviction or prejudgment, a strong or deep impression which closes the mind of a juror and combats the testimony and resists in force.' Nobis v. State, 401 So.2d 191, 197 (Ala.Cr.App.), writ denied, 401 So.2d 204 (Ala. 1981).
 "'"`[A] proper challenge for cause exists only when a prospective juror's opinion or bias is so fixed that he or she could not ignore it and try the case fairly and impartially according to the law and the evidence. See Sparks v. State, 450 So.2d 188 (Ala.Cr.App. 1984); Clark v. State, 443 So.2d 1287
(Ala.Cr.App. 1983); Gwin v. State, 425 So.2d 500
(Ala.Cr.App. 1982), writ quashed, 425 So.2d 510 (Ala. 1983). Further, . . . a trial court's ruling on a challenge for cause based on bias is entitled to great weight and will not be disturbed on appeal unless there is a clear showing of an abuse of discretion by the trial court. See Price v. State, 383 So.2d 884 (Ala.Cr.App.), cert. denied, 383 So.2d 888 (Ala. 1980); Motes v. State, 356 So.2d 712
(Ala.Cr.App.), cert. denied, 356 So.2d 720 (Ala. 1978).'
 "`"Ex parte Rutledge, 523 So.2d 1118, 1120 (Ala. 1988).'"
 "Black v. State, 596 So.2d 40, 41 (Ala.Cr.App. 1991) (`the trial judge failed to elicit from the prospective juror whether he could lay aside his "fixed opinion" and return a verdict based on the evidence presented.' Id.) See also Forehand v. State, 624 So.2d 688, 695-96 (Ala.Cr.App. 1993) (`[In] the absence of any follow-up questioning of Juror 118, the appellant failed to establish the juror's probable prejudice and the trial court correctly denied the challenge for cause.' Bowen, Judge, concurring.)."
Holliday v. State, 751 So.2d at 535-36.
In this case, the State's challenge for cause was not based on a statutory ground. See § 12-16-150(4), Ala. Code 1975. Additionally, this court established in Howard, supra, that the mere fact that a prospective juror is related to counsel, either the defense or the prosecution, does not per se establish a challenge for cause. Therefore, it was incumbent upon the trial court to establish that probable prejudice existed to excuse Juror E.F.W. The trial court, however, did not question Juror E.F.W. to determine what prejudice she may have had toward either side. Further questioning of E.F.W. was required before the trial court could determine, first, whether her relationship to her nephew caused her to harbor a prejudice against the State "and, second, assuming such a prejudice existed, whether she could lay it aside, follow the court's instructions, and render an impartial verdict."Minshew v. State, 542 So.2d at 309. Without questioning E.F.W. directly, the trial court had no indication of what her feelings were toward her nephew or toward the appellant. For example, E.F.W. may have disliked her nephew for any number of reasons or may have barely known him, and thus felt no favoritism toward the defense. Thus, because probable prejudice was not established, the trial court erred in removing E.F.W. for cause. Given that the trial court did not question Wilson to determine whether she could render an impartial verdict, we find that the trial court abused its discretion in granting the State's challenge for cause. See Holliday v. State, 751 So.2d at 535. *Page 410 
Our holding is strengthened by the fact that, although the legislature expressly granted that, in any civil case, the trial court could grant a challenge for cause where a juror is related to a party's counsel, the legislature did not declare that such a challenge was appropriate in criminal cases.[2] "There is a presumption that the legislature [does] not intend to make any alteration in the law beyond what it declares either expressly or by unmistakable implication." Beasley v. MacDonaldEngineering_Co., 287 Ala. 189, 197, 249 So.2d 844, 851 (Ala. 1971). Moreover, "`[i]t is well settled that, although there are occasions when a court must correct or ignore obvious inadvertences in order to give a law the effect which was plainly intended by the legislature, the judiciary cannot and should not, in a republican form of government, usurp the legislative function.'" Ex parte T.B., 698 So.2d 127, 130 (Ala. 1997). Thus, as members of the judiciary, we must adhere to the intent of the legislature.
Because we must reverse on this issue, we express no judgment on the other issues raised by the appellant. "Our decision not to address [the merits of] the remaining issues raised by the appellant should not be construed as an approval of the manner in which the trial was conducted in regard to those issues.'"Phillips v. State, 726 So.2d 292, 295 (Ala.Cr.App. 1998), quotingFletcher v. State, 621 So.2d 1010, 1024 (Ala.Cr.App. 1993). However, because this case may be retried, we make the following observation.
 II.
The appellant contends that the cases against him were due to be dismissed as a violation under Section 5 of the Civil Rights Act of 1965. Specifically, he argues that "the absentee election manager, who was also election manager, instituted a serious and material change in the procedure which denied 64 people (minorities) the right to vote and challenged another 17, all in violation of State law also." (Appellant's brief at p. 10.)
At trial, the appellant argued the following:
 "[T]his case is designed to put a chill on black voters, not [the appellant], on all black voters in this county, that this case is designed to intimidate insecure black voters away from the polls. We are talking about an organized effort at the highest levels of state government to put a chill on black voting, and there is a federal statute that prohibits it."
(R. 1031.)
Essentially, the appellant is claiming a violation of civil rights on behalf of black voters in Hale County. However, we question the appellant's standing to assert this claim, either individually or in a representative capacity.[3] In Ex parteIzundu, 568 So.2d 771 (Ala. 1990), the Alabama Supreme Court stated:
 "A party must allege an individual or representative right and a redressable injury to that right as a prerequisite to *Page 411 
setting in motion the machinery of the court. See 59 Am.Jur.2d Parties § 31 (1987). In order to be a `proper party plaintiff, a person must have an interest in the right to be protected.' Eagerton v. Williams, 433 So.2d 436, 447
(Ala. 1983). As a general rule, `a litigant may not claim standing to assert the rights of a third party.' Jersey Shore Medical Center-Fitkin Hosp. v. Estate of Baum, 84 N.J. 137, 417 A.2d 1003 (1980). A party lacks standing to invoke the power of the court in his behalf in the absence of `a concrete stake in the outcome of the court's decision.' Brown Mechanical Contractors, Inc. v. Centennial Ins. Co., 432 So.2d 932, 937 (Ala. 1983)."
Ex parte Izundu, 568 So.2d at 772-73.
The appellant's convictions are due to be reversed pursuant to our determination in Part I of this opinion and the cause remanded for further proceedings.
REVERSED AND REMANDED.
Long, P.J., and McMillan, Cobb, and Baschab, JJ., concur.
[1] The appellant was represented by four attorneys.
[2] Section 12-16-150(11), Ala. Code 1975, states:
 "It is good ground for challenge of a juror by either party . . . [t]hat the juror, in any civil case, is plaintiff or defendant in a case which stands for trial during the week he is challenged or is related by consanguinity within the ninth degree or by affinity within the fifth degree, computed according to the rules of civil law, to any attorney in the case to be tried or is a partner in business with any party to such case.
(Emphasis added.)
[3] We acknowledge that to raise the issue of standing on appeal, the State must raise the issue at trial. Maxwell v.State, 587 So.2d 436 (Ala.Cr.App. 1991).