794 So.2d 411 (2000)
Ex parte State of Alabama.
(In re Aaron EVANS v. STATE of Alabama).
1990416.
Supreme Court of Alabama.
May 19, 2000.
*412 Bill Pryor, atty. gen., and Rosa H. Davis, asst. atty. gen., for petitioner.
Collins Pettaway, Jr., of Chestnut, Sanders, Sanders, Pettaway & Campbell, P.C., Selma, for respondent.
HOUSTON, Justice.
Aaron Evans was convicted of one count of second-degree possession of a forged instrument, in violation of § 13A-9-6, Ala. Code 1975; seven counts of illegal absentee voting, in violation of § 19-10-17; and seven counts of second-degree forgery, in violation of § 13A-9-3. The Court of Criminal Appeals reversed the convictions, based solely on the fact that the trial court had granted the State's challenge of prospective juror E.F.W. for cause. Evans v. State, 794 So.2d 405 (Ala.Crim.App.1999). We granted the State's petition for certiorari review; we now reverse and remand.
Voir dire examination disclosed that E.F.W. was married to defense counsel's uncle. The following transpired:
"THE COURT: Are any of you related by blood or marriage to Mr. Evans's attorneys? That would be Mr. Chestnut, Mr. Pettaway, Mr. Turner?
"(no response)
"THE COURT: Mr. Wiggins [another of defendant's counsel]?
"POTENTIAL JUROR: [The veniremember states her name.]
"THE COURT: How are you related to Mr. Wiggins?
"[JUROR E.F.W.]: He's a nephew by marriage.
"THE COURT: So, if you would, tell me how that works.
"[JUROR E.F.W.]: I married his uncle."
The State challenged E.F.W. for cause, based on this relationship; the trial court granted the challenge, over the objection of the defendant. The Court of Criminal Appeals held that E.F.W. could not be excused for cause based on the fact that she was the aunt by marriage of defense counsel. Evans, 794 So.2d at 409. Furthermore, that court held that because the trial court had erred in excusing E.F.W., Evans's "constitutional right to a fair trial was violated" 794 So.2d at 406; therefore, that court reversed the convictions. Id. The State argues on certiorari review, relying on Rule 45, Ala. R.App. P., that even if the dismissal was error, it was harmless error and does not require a reversal.
We must first determine whether it was proper to grant the State's challenge *413 of E.F.W. for cause. Ala Code 1975, § 12-16-150, reads:
"It is good ground for challenge of a juror by either party:
". . . .
"(4) That he is connected by consanguinity within the ninth degree, or by affinity within the fifth degree, computed according to the rules of the civil law, either [1] with the defendant or [2] with the prosecutor or [3] the person alleged to be injured."
This statute says nothing about a relationship between the juror and defense counsel. Additionally, both this Court and the Court of Criminal Appeals have held that it is not grounds for a challenge for cause that a juror is related to counsel in a criminal case. Washington v. State, 58 Ala. 355 (1877) (overruled on other grounds); Howard v. State, 420 So.2d 828 (Ala.Crim.App.1982). Even the term "prosecutor," as it is used in § 12-16-150(4), means the person who instigates prosecution by making an affidavit charging a named person with the commission of a penal offense, not the district attorney that is prosecuting the case. Acoff v. State, 50 Ala.App. 206, 278 So.2d 210 (1973).
Therefore, it is clear that the trial court erred in granting the State's challenge of E.F.W. for cause based on her relationship to Evans's counsel. Thus, we must determine whether the Court of Criminal Appeals erred in failing to perform a harmless-error analysis before reversing Evans's convictions.
While this Court has never dealt with this precise issue in a criminal case, we have discussed it in a civil case. In City of Gulf Shores v. Harbert Int'l, 608 So.2d 348 (Ala.1992), the trial court excused a veniremember for cause, on the basis that he was a citizen of Gulf Shores, which was the plaintiff in that case. We held that the action by the trial court was clearly error under § 12-16-3, Ala.Code 1975, but we declined to reverse because of that error. Instead, we stated:
"Gulf Shores has not shown this Court how [the excused veniremember's] being excused for cause `has probably injuriously affected substantial rights of the parties.' Rule 45, Ala. R.App. P. Gulf Shores was not denied `a list containing the names of at least 24 competent jurors' nor the opportunity of `alternately striking one from the list until twelve remain, the party demanding the jury commencing.' Rule 47(b), Ala. R. Civ. P.; and see, Rosenbush Feed Co. v. Garrison, 251 Ala. 245, 37 So.2d 106 (1948), and § 12-16-140, Ala.Code 1975. We find no error in regard to this issue."
608 So.2d at 355. It is clear that in a civil case the party appealing from an adverse ruling on jury selection must prove not only that the trial court erred, but also that the error "has probably injuriously affected [that party's] substantial rights." Rule 45, Ala. R.App. P.
Rule 45, Ala. R.App. P. reads:
"No judgment may be reversed or set aside, nor new trial granted in any civil or criminal case on the ground of misdirection of the jury, the giving or refusal of special charges or the improper admission or rejection of evidence, nor for error as to any matter of pleading or procedure, unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties."
(Emphasis added.) We see no reason why Rule 45, as it applied in Gulf Shores, *414 should not apply to similar situations in criminal cases as well.[1]
Evans argues that the trial court's error in excusing E.F.W. violated his right to a trial by an impartial jury, a right guaranteed by Amendments 6 and 14 of the United States Constitution and § 6 of the Alabama Constitution. However, the United States Supreme Court has held that a defendant's federal right to an impartial jury was not automatically violated merely by an erroneous ruling on a challenge for cause. Ross v. Oklahoma, 487 U.S. 81, 87-88, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988); see also United States v. Martinez-Salazar, 528 U.S. 304, 120 S.Ct. 774, 145 L.Ed.2d 792 (2000). As long as the jury that heard the case was impartial, the right guaranteed by the United States Constitution was not violated. See Ross, 487 U.S. at 87-88, 108 S.Ct. 2273. This rule would also apply to § 6 of the Alabama Constitution, which gives the defendant the right to a trial "by an impartial jury of the county or district in which the offense was committed." The plain meaning of this language is that the defendant is entitled only to an impartial jury and that unless the defendant can show that a trial court's erroneous ruling during jury selection prevented the jury from being impartial, there is no violation of § 6.
Evans has made no showing that his rights, such as his right to an impartial jury, were probably injuriously affected by the trial court's excusing E.F.W. Therefore, we conclude that the trial court's error in excusing E.F.W. was not reversible, because, even with the error, Evans still had a fair trial with an impartial jury. The judgment of the Court of Criminal Appeals is reversed and the case is remanded.
REVERSED AND REMANDED.
HOOPER, C.J., and SEE, LYONS, BROWN, and JOHNSTONE, JJ., concur.
MADDOX, J., concurs in the result.
COOK, J., dissents.
COOK, Justice (dissenting).
I respectfully dissent. The majority determines that the trial court "clear[ly] ... erred in granting the State's challenge of E.F.W. for cause based on her relationship to [the defendant's] counsel." 794 So.2d at 413. Nevertheless, it concludes that an error such as this, i.e., improperly allowing the State a strike for cause, does not necessitate a reversal of the defendant's conviction unless the defendant "can show that [the] trial court's erroneous ruling ... prevented the jury from being impartial." 794 So.2d at 414.
In doing so, it relies on United States v. Martinez-Salazar, 528 U.S. 304, 120 S.Ct. 774, 145 L.Ed.2d 792 (2000). In that case, the defendant exercised one of his peremptory strikes to cure the trial court's erroneous denial of a challenge for cause. The narrow holding in that case was that "a defendant's exercise of peremptory challenges pursuant to [Fed.R.Crim.P. 24(b) ] is not denied or impaired when the defendant chooses to use a peremptory challenge to remove a juror who should have *415 been excused for cause." 528 U.S. at 316, 120 S.Ct. at 782.
This case is clearly distinguishable. Indeed, it is the converse of Martinez-Salazar. This case involves the trial court's erroneous removal of a veniremember who was fully qualified to sit on the jury.
The wrongful removal of a veniremember implicates the equal-protection guarantees of the excluded veniremember, as well as those of the defendant, without any particularized showing of bias. See Campbell v. Louisiana, 523 U.S. 392, 118 S.Ct. 1419, 140 L.Ed.2d 551 (1998) (exclusion of veniremembers on the basis of race denies the excluded veniremembersas well as the litigantsthe equal protection of the law); Georgia v. McCollum, 505 U.S. 42, 112 S.Ct. 2348, 120 L.Ed.2d 33 (1992) (same); Edmonson v. Leesville Concrete Co., 500 U.S. 614, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991) (same); see also J.E.B. v. Alabama, 511 U.S. 127, 128, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994) (veniremembers "have an equal protection right to jury selection procedures that are free from state-sponsored group stereotypes").
The issue before this Court was not presented or addressed in Martinez-Salazar. I respectfully dissent.
NOTES
[1] We note that Rule 45 encompasses the language of Rule 61, Ala. R. Civ. P., which states the harmless-error rule for trial courts in civil cases. While that Rule 61 has no counterpart in the Alabama Rules of Criminal Procedure, the following statement appears in Rule 31:

"All appeals from judgments rendered in the district and circuit courts to the Court of Criminal Appeals and the Supreme Court of Alabama shall be taken in accordance with the Rules of Appellate Procedure as promulgated by the Supreme Court of Alabama."
Reading all these rules together, we consider it clear that Rule 45, Ala. R.App. P., was intended to govern appeals in both civil cases and criminal cases.